ROSE, APPELLEE, *v.* ROSE, APPELLANT.

(No. 1370—Decided March 30, 1970.)

*Mr. Norman G. Grevey* and *Mr. Robert H Martin,* for appellee.

*Messrs. Finkelman & Ross,* for appellant.

*Per Curiam.* This matter comes before us on the motion of plaintiff-appellee herein, to dismiss the appeal on the ground that appellant, defendant below, has "failed to meet the statutory requirements for properly perfecting an appeal."

The record shows that on October 15, 1969, a decree denying plaintiff a divorce but granting defendant's prayer for alimony was entered. On October 16, 1969, a motion for a new trial was filed by defendant. On December 2, 1969, the court overruled the motion for a new trial. However, on December 30, 1969, the court made the following order:

"The court within the same term does hereby vacate and set aside the entry overruling the motion for new trial filed in this cause on or about December 2, 1969, and then does order said entry refiled this date and re-entered on the docket and re-time-stamped and re-journalized effective the date of the filing of this entry."

Thereupon, the defendant filed her notice of appeal on December 31, 1969, on questions of law "from the judg-

ment and final order rendered herein on the 15th day of October, 1969, and from the order overruling the motion for new trial entered on December 30, 1969.''

From the chronology recited, it is apparent that more than twenty days elapsed after the motion for a new trial was first overruled before the court ordered the refiling, re-entry upon the docket and rejournalization. Consequently, the notice of appeal would have been filed out of time (R. C. 2505.07 [A]) without such order.

The issue raised by the motion to dismiss here is: May a trial court re-enter a judgment at a subsequent date for the sole purpose of fixing a new date for appeal?

Our examination of the record compels us to conclude that the re-entry of the order overruling the motion for a new trial was for the sole purpose of fixing a new date for appeal. Nothing appears of record to indicate why the matter came before the court on December 30, 1969; therefore, the legal situation existing at the time the motion was first disposed of must be said to have been the same upon the day of re-entry. Ergo, the court was performing a vain and useless act unless it did so to fix a new date for appeal. This a trial court may not do. See 3 Ohio Jurisprudence 2d Section 312, Appellate Review, and cases there cited.

The time for perfecting the appeal must be deemed to have commenced upon the journalization of the entry overruling the motion for a new trial on December 2, 1969. The notice of appeal herein, then, was not timely filed.

The motion before us is granted, and, accordingly, the within appeal dismissed.

*Appeal dismissed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.