BAEK, APPELLEE AND CROSS-APPELLANT, *v.* CITY OF CINCINNATI, APPELLANT AND CROSS-APPELLEE, ET AL.

(Nos. C-860821 and C-860838—
Decided January 6, 1988.)

*William H. Blessing,* for appellee and cross-appellant.

*Richard A. Castellini,* city solicitor, and *Jerry F. Luttenegger,* for appellant and cross-appellee.

HILDEBRANDT, J. Defendant-appellant and cross-appellee the city of Cincinnati ("city") has taken the instant appeal (App. No. C-860821) from the entry of summary judgment in favor of plaintiff-appellee and cross-appellant Kwang Henry Baek ("Baek") on Baek's complaint seeking damages for the city's transfer of a motor vehicle in violation of Ohio's Odometer Rollback and Disclosure Act. On appeal, the city contests the entry of summary judgment for Baek when he was apprised at the time that the vehicle was transferred to him that its odometer did not reflect actual mileage. Baek has also submitted an appeal in this matter (App. No. C-860838) in which he challenges the trial court's vacation of its initial entry of summary judgment, the amount of attorney fees awarded on his supplemental application for litigation expenses, and the court's denial of his motion for prejudgment interest.

In 1979, the city purchased a new motor vehicle from a dealer, disconnected its original speedometer and odometer, and installed a special speedometer and odometer used in police vehicles. The city used the vehicle for approximately two years and, at the end of that period, reconnected the original speedometer and odometer. In August 1982, defendant Timothy M. Mercurio ("Mercurio"), a city employee, purchased the vehicle from the city at auction. The approximate mileage on the vehicle at the time of purchase, as calculated by the city from its repair records, was disclosed to Mercurio and was noted on the certificate of title. However, the certificate of title also contained averments by the city that the odometer had not been altered and that it reflected actual mileage. In January 1985, Baek purchased the vehicle from Mercurio for $1,920 and, in connection with the purchase, incurred out-of-pocket expenses of approximately $200. As a result of the innumerable repairs required to render the vehicle operational, Baek drove the vehicle only one hundred fifty additional miles until November 1985, when he sold it.

In May 1985, Baek instituted an action against Mercurio and the city, alleging fraud, breach of contract and violations of the Odometer Rollback and Disclosure Act, R.C. 4549.41 *et seq.* Baek subsequently moved for summary judgment against the city on his complaint and filed an application for litigation expenses pursuant to R.C. 4549.49(A)(2). On March 25, 1986, following a hearing on the motion and application, the court below granted summary judgment for Baek against the city and awarded Baek $5,463.59 in damages and $3,200 in attorney fees.

In May 1986, the city filed a motion pursuant to Civ. R. 60(B) for relief from the March 1986 entry of summary judgment for Baek, asserting that the court had placed of record an entry granting summary judgment in favor of Baek without notice to counsel for either party, in contravention of the "practice and custom" of the Hamilton County Municipal Court. On August 4, 1986, following a hearing on the motion, the trial court vacated its

March 1986 entry of summary judgment for Baek.

In September 1986, Baek filed a supplemental application for litigation expenses and a motion for prejudgment interest. On November 6, 1986, the court, by separate entries, denied Baek's motion for prejudgment interest, granted his supplemental application for attorney fees to the extent of fees generated prior to the March 25, 1986 entry of summary judgment, and again entered summary judgment for Baek against the city with an award of $5,463.59 in damages and $3,285 in attorney fees.[1] From that judgment, the city and Baek have taken the instant appeals.[2]

The city, in its sole assignment of error, contests the trial court's entry of summary judgment in favor of Baek. We find no merit to this challenge.

R.C. 4549.46(A) provides in relevant part that "[n]o transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code." R.C. 4505.06(B)(2) prescribes, in part, the contents of a certificate of title upon transfer of a vehicle. Pursuant thereto, a certificate of title must contain the transferor's certification of the mileage on the vehicle at the time of transfer and the transferor's certification of the following statements, as applicable:

"* * * that: . . . (1) to the best of my (our) knowledge, the odometer reading reflects the actual mileage; . . .

(2) the odometer reading reflects mileage in excess of the designed mechanical limit 99,999 miles; . . . [or] (3) to the best of my (our) knowledge, the odometer reading is not the actual mileage and should not be relied upon * * * [and] that, while in my (our) possession: . . . (1) the odometer of this vehicle was not altered, set back, or disconnected; . . . [or] (2) the odometer of this vehicle was repaired or replaced."

Finally, R.C. 4549.49 provides:

"(A) Any person who violates any requirement imposed by sections 4549.41 to 4549.46 of the Revised Code is liable to any transferee of the motor vehicle subsequent to the violation, in an amount equal to:

"(1) Three times the amount of actual damages sustained or fifteen hundred dollars, whichever is greater; and

"(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorneys' fees as determined by the court."

Thus, pursuant to R.C. 4549.49 (A), any person who, in transferring a motor vehicle, fails in contravention of R.C. 4549.46 to provide the complete odometer disclosures required under R.C. 4505.06 is liable to any subsequent transferee for treble damages and litigation expenses.

R.C. 4549.41(A) defines a "person" for purposes of R.C. 4549.41 to 4549.51 to include a "government [or] governmental subdivision or agency * * *." The certificate of title trans-

---

[1] The attorney fee award of $3,285 reflected $3,200 granted upon Baek's initial application and $85 awarded upon his supplemental application.

[2] In August 1985, the trial court, upon motion, granted summary judgment in favor of Mercurio on Baek's complaint. Baek appealed, and this court reversed and remanded the cause to the trial court for further proceedings. *Baek* v. *Mercurio* (June 18, 1986), Hamilton App. No. C-850559, unreported. The record before us does not disclose the status of Baek's action against Mercurio. However, the instant cause is properly before this court by virtue of the trial court's Civ. R. 54(B) certification.

ferring the subject vehicle from the city to Mercurio reflects the city's certification of the following statements:

"I (we) certify that [t]o the best of my (our) knowledge, the Odometer reading reflects the actual mileage;

"* * *

"I (we) certify that, while in my (our) possession [t]he Odometer of this vehicle was not altered, set back or disconnected * * *."

The city, in response to interrogatories submitted by Baek, admitted that it had disconnected the vehicle's odometer at the time of purchase from the dealer to install a special speedometer and odometer and that the mileage registered on the original odometer at the time of sale to Mercurio was not a true reflection of the actual mileage on the vehicle. Thus, the city's certified statements on the certificate of title transferring the vehicle to Mercurio, that the odometer reflected actual mileage and that it was not disconnected while in the city's possession, were false.

The city asserts that its failure to make accurate disclosures on the certificate of title was inadvertent, that Baek's purchase of the vehicle from Mercurio was not made in reliance on the city's disclosures on the certificate of title transferring the vehicle to Mercurio, and that Baek was fully apprised at the time of purchase from Mercurio that the odometer did not reflect actual mileage. However, R.C. 4549.49 holds a transferor strictly liable to any subsequent transferee for a violation of R.C. 4549.46(A), without regard for the transferor's intent or the transferee's knowledge.

Thus, upon viewing the inferences to be drawn from the underlying facts set forth in the evidentiary material submitted below in a light most favorable to the city, we find that no genuine issue of material fact remains to be litigated and that Baek was entitled to judgment in his favor as a matter of law. See Civ. R. 56(C); *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267. Accordingly, we overrule the city's sole assignment of error.

Baek, in his first assignment of error, contends that the trial court erred in granting the city relief from the March 25, 1986 entry of summary judgment in his favor. We find this contention to be well-taken in part.

As we noted *supra,* the court below initially entered summary judgment in favor of Baek on March 25, 1986. In May 1986, the city discovered the entry of judgment against it and filed a Civ. R. 60(B) motion for relief from judgment, asserting that it was deprived of its right to appeal by the failure of the court to notify it of the entry of judgment. The court below subsequently granted the city's motion to vacate the March 1986 judgment, but, in November 1986, again entered summary judgment in favor of Baek.

We note, as a preliminary matter, that Civ. R. 60(B) generally does not permit the vacation and reentry of a judgment merely for the purpose of allowing an otherwise untimely appeal. *Rose* v. *Rose* (1970), 23 Ohio App. 2d 201, 52 O.O. 2d 275, 261 N.E. 2d 916. However, when a motion for relief from judgment is employed as more than a mere subterfuge to circumvent the jurisdictional time for filing an appeal, relief under Civ. R. 60(B) may be appropriate. See *Steadley* v. *Montanya* (1981), 67 Ohio St. 2d 297, 21 O.O. 3d 187, 423 N.E. 2d 851; *Bancroft* v. *Communicators, Inc.* (1986), 34 Ohio App. 3d 165, 517 N.E. 2d 554.

In *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, the Supreme Court of Ohio held that, for a movant to prevail on a Civ. R. 60(B) motion for relief from judgment, he must show:

(1) that he is entitled to relief under one of the grounds set forth in Civ. R. 60(B)(1) through (5);

(2) that the motion is made within a reasonable time and, when relief is sought under Civ. R. 60(B)(1), (2) or (3), not more than one year after judgment was entered; and

(3) that he has a meritorious defense or claim to present if relief is granted. *Id.* at 150, 1 O.O. 3d at 88, 351 N.E. 2d at 116.

The city, in its motion for relief from judgment, asserted a specific claim of entitlement under Civ. R. 60(B)(1), on the premise that its failure to discover the entry of judgment against it constituted excusable neglect, and a general claim of entitlement under Civ. R. 60(B)(5), which affords relief from judgment upon sufficient justification. We reject the city's initial proposition that relief from an adverse judgment for failure of notice of the entry of judgment may be afforded under Civ. R. 60(B)(1). Contra *Beck Suppliers, Inc.* v. *Dean Witter Reynolds, Inc.* (Dec. 19, 1986), Sandusky App. No. S-86-16, unreported; *Bancroft, supra.* We find, however, that in an appropriate case a claim of entitlement to relief may be invoked under Civ. R. 60(B)(5).

The Supreme Court of Ohio, in *Moldovan* v. *Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, 25 OBR 343, 496 N.E. 2d 466, held that the failure to give reasonable notice of a final appealable order constitutes a denial of the right to legal redress of injuries guaranteed under Section 16, Article I of the Ohio Constitution. *Id.* at 296, 25 OBR at 345-346, 496 N.E. 2d at 468. In light of the decision in *Moldovan, supra,* we find that the city's substantiated assertion that it was deprived of its right to appeal by the trial court's failure to give reasonable notice of the entry of judgment against it gives rise to a valid claim of entitlement to relief under Civ. R. 60(B)(5). Thus, the city, in its motion seeking relief from judgment, met the first *GTE* criterion.

The city filed its motion seeking relief from the March 25, 1986 entry of judgment in May 1986. We determine that the city, in filing its motion for relief within two months of the entry of judgment, satisfied the second *GTE* criterion in that the motion was advanced within a reasonable time.

However, the record before us is devoid of any allegation or evidentiary material supporting the third *GTE* criterion, *i.e.,* that the city had a meritorious defense or claim to present if relief were granted, because of the strict liability nature of the statutes applicable to this cause. Accordingly, we conclude that the trial court erred in granting the city's motion for relief from the March 1986 judgment.

We further find, however, that Baek was in no way prejudiced by the court's ruling. In its initial entry of summary judgment, the court below awarded Baek $5,463.59 in damages and $3,200 in attorney fees. Following its grant of relief from judgment, the court again entered summary judgment for Baek and again awarded him $5,463.59 in damages and $3,200 in attorney fees, with an additional award of $85 in attorney fees upon his supplemental application. We, therefore, perceive no prejudice to Baek occasioned by the vacation of the March 1986 judgment. Accordingly, we overrule Baek's first assignment of error.

In his second assignment of error, Baek assails the trial court's refusal to grant his request for attorney fees incurred after the initial entry of summary judgment in his favor. We find no merit to this challenge.

R.C. 4549.49(A)(2) imposes liability for a violation of R.C. 4549.41 through 4549.46 in the form of treble damages and, "[i]n the case of a successful action to enforce the foregoing liability, the costs of the action

together with reasonable attorneys' fees as determined by the court." Thus, pursuant to R.C. 4549.49(A), an award of costs and reasonable attorney fees incurred in pursuit of a successful action is mandatory, but the court retains the discretion to determine the reasonableness of the fees sought. We find no abuse of discretion in the trial court's refusal to award attorney fees incurred following the initial entry of judgment and, accordingly, overrule Baek's second assignment of error.

In his third and final assignment of error, Baek challenges the trial court's denial of his motion for prejudgment interest. This challenge is untenable.

R.C. 1343.03(C) provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

In support of his motion for prejudgment interest, Baek demonstrated that, on March 15, 1985, he offered to desist from filing an action against the city in exchange for an amount equal to his purchase price, out-of-pocket expenses and attorney fees. Baek asserted that the city rejected his settlement overture and made no offer of its own. On appeal, Baek claims entitlement to prejudgment interest pursuant to R.C. 1343.03(C) when he made a good faith effort to settle the case and the city did not.

The Supreme Court of Ohio, in *Kalain* v. *Smith* (1986), 25 Ohio St. 3d 157, 25 OBR 201, 495 N.E. 2d 572, syllabus, held:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."

The record before us demonstrates that the city cooperated in discovery, rationally evaluated its risks and potential liability, did not attempt to delay unnecessarily the proceedings below, and had a good faith, objectively reasonable belief that it had no liability, thus relieving it of the duty to make a monetary settlement offer. We, therefore, conclude that the trial court properly overruled Baek's motion for prejudgment interest and, accordingly, overrule Baek's third assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., and SHANNON, J., concur.