**State, ex rel. Celebrezze**
**v.**
**CMC Motors**
*[Cite as 3 AOA 216]*

*Case No. 57086*
*Cuyahoga County, (8th)*
*Decided May 31, 1990*

*Steven Sterner, Assistant Attorney General, State Office Building, 615 Superior Avenue, 12th Floor, Cleveland, Ohio 44113-1899, Dianne Goss Paynter, Assistant Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, Ohio 43266-0410, for Plaintiff-Appellee.*

*Terri L. Stupica, Valore, Moss and Kalk, 75 Public Square, Suite No. 300, Cleveland, Ohio 44113, for Defendant-Appellant.*

NAHRA, J.

This is an appeal by CMC Motors, Inc. of the trial court's grant of a motion for summary judgment in favor of the Attorney General of Ohio.

Carl Felice maintained and operated CMC Motors, Inc., a used motor vehicle dealership. CMC purchased used cars and sold them to consumers directly and to other motor vehicle dealers.

The Attorney General filed a complaint against Carl Felice and CMC (referred to collectively as "CMC") alleging odometer rollbacks. The Attorney General alleged that CMC tampered with and otherwise altered the odometers on five vehicles. The complaint specified that it included such five vehicles, "but was not limited to" them.

The Attorney General filed a motion for summary judgment and attached certified copies of title documents relating to the sale and transfer of fourteen vehicles. The affidavit of Ms. Libby Lyons, an investigator with the Attorney General's Division of Consumer Protection, was also appended. In her affidavit, Ms. Lyons testified that the title documents were true and accurate copies of the originals and certified by the appropriate clerk of the Court of Common Pleas.

These documents indicated that CMC transferred fourteen motor vehicles with 6,000 to 45,000 miles less than the odometer statements when CMC acquired those vehicles. The title work disclosed that the stated mileage at the time when CMC acquired those vehicles was the actual mileage.

The trial court granted summary judgment. In its entry, the trial court ordered CMC to make "... restitution of $21,000.00; civil penalties of $14,000.00; $7,000.00 suspended; $1,000.00 in attorney fees, and all court costs... " Thereafter, CMC filed a timely appeal.

Appellant's sole assignment of error states:
"THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT, AS THE PLAINTIFF-APPELLEE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AS THERE WERE GENUINE ISSUES OF MATERIAL FACT."

R.C. 4549.46 provides in pertinent part:
"A. No person shall fail to provide the true odometer disclosures required by section 4505.06 of the Revised Code. The transferer of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of the violation."[1]
R.C. 4549.46 is a strict liability statute and does not require a culpable mental state as an element of violating that section of the Odometer Rollback Act. *Baek* v. *Cincinnati* (1988), 43 Ohio App. 3d 158, 539 N.E. 2d 1149; *Flint* v. *Ohio Bell Tel. Co.* (1982), 2 Ohio App. 3d 136, 440 N.E.2d 1244. R.C. 4549.49 states that the following civil liabilities may be imposed for failure to comply with mileage disclosure requirements:

"(A) Any person who violates any requirement imposed by sections 4549.41 to 4549.46 of the Revised Code is liable to any transferee of the motor vehicle subsequent to the violation, in an amount equal to:

"(1) Three times the amount of actual damages sustained or fifteen hundred dollars, whichever is greater; and

"(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorneys' fees as determined by the court."

CMC contends that the evidentiary materials attached to the Attorneys General's motion for summary judgment were not certified properly and thus not acceptable exhibits.

We believe that he exhibits attached to the Attorney General's motion for summary judgment were properly before the court with the exception of exhibits regarding vehicle no. 6.[2]

Copies of documents referred to in an affidavit attached to a summary judgment motion should be certified. Civ. R. 56(E); see *State ex rel. Corrigan* v. *Seminatore* (1981), 66 Ohio St. 2d 459, 423 N.E.2d 105. The use of certified copies of certificates of title has been deemed proper in the context of a summary judgment motion of an odometer rollback case. *Celebrezze* v. *Hughes* (1985), 18 Ohio St. 3d 71, 479 N.E.2D 886. Investigator Lyons' affidavit stated her role in the investigation of CMC's odometer rollback scheme and indicated that she had gathered documents including the certificates of title to the subject vehicles. Such title work was certified by the appropriated clerk of common pleas court. We find that all the exhibits, except for the one vehicle, were properly before the court. See also Evid. R. 902(4).

CMC also maintains that there are genuine issues of material fact that remain to be litigated. CMC poses various hypothetical questions concerning what might have taken place with respect to the vehicles and their related transfers.

Civ. R. 56(E) states in pertinent part:

"... When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleadings, but this his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.) See *Mathis* v. *Cleveland Public Library* (1984), 9 Ohio St. 3d 199, 459 N.E.2d 877.

Our review of the record reveals that CMC failed to demonstrate that any genuine issue of material fact exists when construing the evidence most strongly in its favor. The certificates of title attached to the Attorney General's motion for summary judgment show that CMC acquired and transferred the fourteen subject motor vehicles with altered odometers. The documentary evidence indicates that CMC violated R.C. 4549.46(A).

Therefore, appellant's assignment of error is overruled.

Accordingly, we modify the judgment of the trial court and reduce the restitution costs by $1,500.00.

*Judgment affirmed,*
*as modified.*

DYKE, P.J., and, McMANAMON, J., concur.

---

[1] R.C. 4505.06(B), incorporated into R.C. 4549.46 by reference, prescribes the contents of a certificate of title upon transfer of a vehicle:

"The registrar shall prescribe an affidavit in which the transferor shall swear to or affirm the true selling price and odometer reading of the motor vehicle ...."

[2] The exhibits connected with vehicle no. 6 did not include the appropriate title work that would verify an odometer rollback violation. See R.C. 4505.06(B). The Attorney General concedes the same in its brief. Accordingly, we modify the judgment of the trial court and reduce restitution costs by $1,500,00.