### Falasco
### v.
### Bishop Motors, Inc.
*[Cite as 8 AOA 441]*

*Case No. 14637*
*Summit County, (9th)*
*Decided November 7, 1990*

*Richard E. Stone, 24100 Chagrin Blvd., #330, Beachwood, Ohio 44122, for Plaintiff.*

*Thomas M. Hanculak, 1360 S.O.M. Center Rd., Mayfield Heights, Ohio 44124, for Defendant.*

CIRIGLIANO, J.

Lawrence E. Falasco (Falasco) appeals from the trial court's grant of summary judgment in favor of Bishop Motors, Inc. (Bishop) on Falasco's seven-count complaint. Because we find error in the trial court's decision, we reverse.

## Facts

Falasco and his son, Joseph, went to Bishop on July 31, 1988, to look for a used car. Joseph took interest in a 1980 Buick Skylark, and he and Falasco negotiated with Bishop, through salesman Kenneth Lorenz, to purchase the car for a total consideration of $1,649.15. On August 1, 1988, Falasco signed both an offer to purchase the car and a "Federal Odometer Mileage Statement and Ohio Seller's Affidavit," tendered the purchase price, and took delivery of the car. Both of these documents noted the mileage appearing on the odometer as 32,805; in addition, the purchase form indicated that the "odometer mileage is not accurate," and the federal odometer form indicated that the odometer reading reflected mileage in excess of 99,999 miles. Falasco received the title to the car some two weeks later. In contrast to the other two documents, the reverse side of the title form indicated that the odometer reading 32,805 miles reflected actual mileage. Some time later, Joseph met with the car's prior owner, who confirmed that the car had in excess of 132,000 miles. The automobile developed engine problems which necessitated a complete engine replacement in February, 1989. Falasco contacted Bishop later in 1989 concerning the mileage on the car, but the parties apparently achieved no resolution.

Joseph bought a new car in July, 1989, and the Buick was retired to the driveway with an indicated 52,000 miles on the odometer. On October 11, 1989, Falasco filed a complaint against Bishop alleging counts under R.C. Chapter 1345 [Ohio Consumer Sales Practices Act], R.C. 4549.46 and 4505.06 [Ohio odometer disclosure laws], R.C. 4165.01 [Ohio Deceptive Trade practices Act], Section 1988(b), Title 15, U.S Code [Federal odometer disclosure laws], and common law fraud.

Bishop answered the complaint, and general discovery followed. On March 16, 1990, Bishop moved for summary judgment on Falasco's complaint with a supporting affidavit executed by Kenneth Lorenz, as well as copies of the documents pertaining to the sale. Falasco responded in opposition, attaching portions of the depositions of Falasco and Alice Kay Brown, a Bishop employee who pre-pares automobile titles for registration, as well as Falasco's affidavit asserting that he believed that the car had only 32,000 actual miles when he made the purchase.

The trial court granted summary judgment to Bishop on every count of the complaint on May 24, 1990. Falasco filed this appeal on June 12, 1990, and asserts two assignments of error. Both errors assigned question the propriety of summary judgment. Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion; if when so viewed reasonable minds can come to differing conclusions the motion should be overruled. See *Delker v. Ohio Edision Co.* (1989), 47 Ohio App. 3d 1, 2, and Civ. R. 56(C).

## Assignment Of Error I

"As to count four of plaintiff's complaint (Ohio Rollback and Disclosure Act violation), the trial court erred in applying to the facts the proper statutory odometer disclosure requirements for a motor vehicle transferror under R.C. Section 4549.46 and Section 4505.06 and as further interpreted under case law."

Falasco argues that the trial court erred by granting summary judgment to Bishop on the fourth count of the complaint, regarding his R.C. 4549.46 and 4505.06 claims. R.C. 4549.46(A) provides:

"No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation."

R.C. 4505.06(B)(2) provides in part:

"In addition to the requirements set forth in section 4505.07 of the Revised Code, each

certificate of title shall contain the following notification in bold lettering immediately above the statements concerning the odometer reading: 'NOTICE TO TRANSFEROR (SELLER): You are required by law to enter the true odometer reading of this motor vehicle on this title.'

"Each certificate of title shall also contain in that portion providing for transfer of ownership at least the following statements: I (we) certify that the mileage registered on this vehicle at the time of assignment is............. miles. Check one of the following statements. I (we) certfy that ... ... (1) to the best of my (our) knowledge, the odometer reading reflects the actual mileage; ... ... (2) the odometer reading reflects mileage in excess of the designed mechanical limit 99,999 miles; .......(3) to the best of my (our) knowledge, the odometer reading is not the actual mileage and should not be relied upon. Check one of the following. I (we) certify that, while in my (our) possession: ....... (1) the odometer of this vehicle was not altered, set back, or disconnected;....... (2) the odomoter of this vehicle was repaired or replaced.

"In addition, each certificate of title shall contain on the front of the certificate, which shall be completed by the clerk when a certificate of title is issued, the statement:

"'The mileage registered on the odometer of this vehicle at the time the previous title was assigned was miles.'"

"***."

This court has previously reviewed R.C. 4549.46, and determined that the statute imposes strict liability on the transferor of a motor vehicle with respect to the above-quoted subsections. *Flint v. Ohio Bell Tel. Co* (1982), 2 Ohio App. 3d 136, 137. In *Baek v. Cincinnati* (1988), 43 Ohio App. 3d 158, 161, the appellate court applied this standard of strict liability to an appeal by the city of Cincinnati, which claimed that its failure to accurately disclose the true mileage of a former city vehicle on the certificate of title was due to inadvertence, in finding that the city's lack of intent was irrelevant.

We are presented with a very similar issue in the matter *sub judice*. Both parties agreed that the odometer disclosure statement and transferor's affidavit on the Ohio certificate of title issued to Falasco was incorrect. Falasco claimed that he was misled; Bishop claimed that the error was typographical. The trial court agreed with Bishop, stating that "[this] Court will not hold the transferor strictly liable for a clerical error on the face of the title."

Based upon the decisions in *Flint* and *Baek, supra*, the trial court erred by refusing to impose strict liability on the transferor, and by granting summary judgment to Bishop. The first assignment of error is sustained.

### Assignment of Error II

"As to the remaining counts of plaintiff's complaint, the trial court erred in incorrectly weighing evidence in favor of the defendant and in failing to construe competent contradictory evidence favorable to plaintiff most strongly in favor of plaintiff as required by Civ. R. 56(C)."

The trial court concluded upon each of the remaining counts of the complaint that the purchase order and the Federal Odometer Mileage Statement and Ohio Seller's Affidavit truthfully disclosed the vehicle's mileage at the time of sale, and on that basis granted summary judgment. These conclusions, however, were contemporaneous with the court's erroneous determination that strict liability did not attach to count four of the complaint.

The record establishes that documents associated with the sale contained conflicting odometer disclosure statements. Bishop and Falasco each attached to their pleadings affidavits regarding representations made upon negotiation and sale of the car. Considering our determination that strict liability was not properly applied to count four of the complaint, and reviewing the record in a light most favorable to the non-moving party, we find that genuine issues of material fact remain to be determined by the trier of facts; summary judgment was therefore inappropriate at this stage of the proceedings. *Jeffers v. Olexo* (1989), 43 Ohio St. St. 3d 140. See, also, *Pazelli v. Chuck Sypolt Chevrolet, Inc.* (March 13, 1989), Stark App No. CA-7627, unreported.

### Conclusion

Based upon the foregoing, the judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this decision and law.

REECE, P.J., concurs.

BAIRD, J., dissents.