OPINION
Richard Wilson is appealing from the judgment of the trial court awarding him $7,000 rather than a decision by a magistrate awarding him $19,979.02 in attorneys fees. The facts of the case and the reasoning of the trial court are fully set forth in its decision, as follows:
 "This matter is before the Court on the Defendant Voss Chevrolet, Inc.'s objection to the Magistrate's decision granting Plaintiff's motion for an award of attorneys' fees.
 "I. Facts
"On July 23, 1999, Plaintiff Richard Wilson filed a complaint against Voss Chevrolet alleging breach of contract, fraud, and violation of both the federal and state odometer acts. For breach of contract, the Plaintiff sought actual damages of not more than $40,000.00. On the fraud claim, the Plaintiff sought compensatory damages of not more than $40,000.00 and punitive damages in an amount deemed appropriate at trial. For the odometer laws violations, the Plaintiff sought the greater of triple actual damages or minimum statutory damages as allowed by law, under each law, for each and every violation that may be proven at trial. Finally, the Plaintiff requested attorney fees and litigation expenses in his original Complaint (Plaintiff's Complaint of July 23, 1999).
"The Court referred the case to arbitration pursuant to Loc.R. 2.35 of the Court of Common Pleas of Montgomery County, General Division. The Plaintiff stated claims for breach of contract, for fraud and deceit, and for the odometer acts violations in his arbitration pretrial statement. The Defendant admitted a violation of the State Odometer Act in its arbitration pretrial statement. Neither party mentioned attorney fees in these statements.
"A panel of three arbitrators found "in favor of the Plaintiff, Richard Wilson, and against the Defendant, Voss Chevrolet, Inc., in the amount of $7,000.00." (Arbitration Report and Award of Sept. 5, 2000.) The award did not state which claim or claims were included in the award or whether this amount included attorney fees and costs. Neither party appealed the award, and the time for doing so has expired under Loc.R. 2.35(XI). A judgment entry was not filed after the arbitration; the Plaintiff, as the prevailing party, is responsible for preparing and submitting a judgment entry to the assigned judge pursuant to Loc.R. 2.35(X)(F).
"On October 10, 2000, the Court referred a motion by the Plaintiff for award of attorney fees to the Magistrate. The Magistrate's Decision stated that "this Court can infer" that the arbitration award was based on the Defendant's liability under R.C. 4549.49, the state odometer act, and that "the Court assumes" the award was "solely for three times actual damages" (Magistrate's Decision of March 13, 2001). On March 13, 2001, the Magistrate determined that Plaintiff was entitled to an attorney fee award of $19,979.02.
"The Defendant timely filed, pursuant to Loc.R. 2.31(V) and Civ.R. 53, an objection to the Magistrate's decision.
 "II. STANDARD OF REVIEW
"Where objections are filed to a magistrate's decision, the trial court has the duty to conduct an independent review of the magistrate's findings of fact and conclusions of law. Hartt v. Munobe (1993),67 Ohio St.3d 3, 6; Civ.R. 53. The trial court's role is to determine whether the magistrate has properly determined the factual issues and appropriately applied the law and, where the magistrate has failed to do so, the trial court must substitute its judgment for that of the magistrate. Coronet Ins. Co. v. Richards (1991), 76 Ohio App.3d 578,582. The magistrate's decision should not be adopted unless the trial court independently reaches the same findings of fact and conclusions of law. DeSantis v. Soller (1990), 70 Ohio App.3d 226, 233.
"Civ.R. 53(E) sets forth requirements for a party to follow when it files objections to a magistrate's decision. Specifically, Civ.R. 53(E)(3) requires that the "[o]bjections shall be specific and state with particularity the grounds of objection" and that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." See Proctor v. Proctor
(1988), 48 Ohio App.3d 55, 59.
 "III. LAW AND ANALYSIS
"Under Loc.R. 2.35(II)(E), arbitrators have the "general powers of the court," including the power to award or deny attorney fees. SeeAutomated Tracking Systems Inc. v. Great American Insurance Co. (1998),130 Ohio App.3d 238 (upholding an arbitration decision awarding attorney fees). Further, the $7,000.00 arbitration award to the Plaintiff is final and has "the legal effect of a verdict" under Loc.R. 2.35(X)(F), unless it is appealed.
"Since the arbitration award thus has "the same preclusive effect as a court judgment for the matters it decided," City of Cleveland v.Association of Cleveland Fire Fighters, Local 93 (1984),20 Ohio App.3d 249, 254, the issue becomes whether the award represents a decision on attorney fees. While it is unclear which claim or claims are included in the arbitration award, given the Defendant's admission to the violation of the state odometer act, it is at least probable that the award represents an amount at least partly based on this claim.
"The Plaintiff's cause of action under the state odometer act, R.C.4549.49, specifically permits an award of attorney fees. In fact, reasonable attorney fees have been held to be a mandatory award under this statute. Baek v. City of Cincinnati (1988), 43 Ohio App.3d 158,163. R.C. 4549.49 provides that a violator is liable in an amount equal to three times actual damages or fifteen hundred dollars, whichever is higher, and, "in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorneys' fees as determined by the court." R.C. 4549.49(A)(2).
"As "the party seeking to avoid issue preclusion", the Plaintiff "has the burden of showing that the arbitrators did not decide" all the issues properly before them, including attorney fees. City of Cleveland,20 Ohio App.3d at 254-55. The Magistrate properly found that the record does not reveal any motion to bifurcate the fees or any entry of an agreement to do so (Magistrate's Decision of March 13, 2001). Also, the Plaintiff did not object to this finding in the Magistrate's decision. Because "a court of record speaks only through its journal entries" Gaskins v. Shiplevy
(1996), 76 Ohio St.3d 380, 382, the Plaintiff is thus unable to provide any record evidence of a bifurcation agreement.
"Given the silence of the record concerning bifurcation, a presumption arises that the Plaintiff implicitly submitted the issue of attorney fees to the arbitrators along with the issues of damages and liability for the other alleged violations. See City of Cleveland, 20 Ohio App.3d at 253
(holding that parties can "impliedly" agree to submit additional disputes to the arbitrators).
"Having determined that the question of attorney fees was within the scope of submission to the arbitrators, the Court is unable to determine and unwilling to speculate on the causes of action, the amounts of damages and the fees represented in the award; there are numerous possible combinations. R.C. 4549.49(A)(2) requires that the fees awarded be "reasonable as determined by the court." In other words, "the court retains the discretion to determine the reasonableness of the fees sought" and awarded. Baek, 43 Ohio App.3d at 163.
"Plaintiff's presentation of detailed attorney fees and costs to the Magistrate, subsequent to the record's silence during arbitration and its ensuing appeals period, is insufficient to overcome the presumption of an implicit submission to, and decision by, the arbitrators on all the issues properly before them — including the attorney fee question.
 "IV. CONCLUSION
"The Magistrate's decision of March 13, 2001, is hereby reversed. There is no evidence in the record that the question of attorney fees was bifurcated, and the record fails to show that the arbitrators did not decide the issue. The Plaintiff is therefore precluded from a subsequent award of attorneys' fees and Judgment is awarded to the Plaintiff in the amount of $7,000.00."
The appellant brings on appeal the following sole assignment of error:
 "THE TRIAL COURT ERRED IN REVERSING THE MAGISTRATE'S DECISION TO AWARD $19,979.00 REASONABLE ATTORNEY FEES TO PLAINTIFF/APPELLANT, RICHARD WILSON."
In support of his assignment of error, Wilson contends that it just doesn't make sense that the $7,000.00 arbitration award would include approximately $19,000.00 in attorneys fees and, therefore, "the Trial Court's reversal of the Magistrate's Decision is inequitable and should be reversed." Brief, 6. In reviewing the trial court's decision we apply the "abuse of discretion" standard. Baek v. City of Cincinnati
(1988), 43 Ohio App.3d 158, 163. See also, Motorists Mutual Ins. Co. v.Brandenburg (1995), 72 Ohio St.3d 157, 160. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
We cannot find an abuse of discretion by Judge Jeffrey E. Froelich in his decision. He carefully examined the facts and the appropriate law and came to the same conclusion we would in any case. We approve the decision and opinion of the trial court and hereby adopt it as our own.
Judgment Affirmed.
WOLFF, P.J., and FAIN, J., concur.