OPINION
{¶ 1} Defendant-appellant Ohio Adult Parole Authority appeals the July 24, 2003, and the September 2, 2003 Judgment Entries of the Richland County Court of Common Pleas, which ordered appellant to comply with the Ohio Supreme Court's opinion in Layne v. Ohio Adult Parole Authority
(2002), 97 Ohio St.3d 456, and which overruled appellant's motion to dismiss. Plaintiff-appellee is Timothy Leroux.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellee is serving a sentence of seven to twenty-five years for burglary, attempted burglary, and attempted rape. On August 14, 2002, a panel of the Ohio Parole Board conducted a parole release hearing relative to appellee. Appellee's offense category score under the Parole Board's guidelines was nine, however, the board departed upward one level and gave appellee a score of ten. The board continued appellee's incarceration until February, 2006, and recommended appellee receive sex offender treatment.
 {¶ 3} On September 12, 2002, appellee filed a Notice of Administrative Appeal pursuant to R.C. 2506.01 et seq., from the Parole Board's decision. Appellant filed a timely motion to dismiss pursuant to Civ. R. 12(B)(1), asserting R.C. 2506.01 et seq., does not provide for administrative appeals from decisions of the State or State agencies, and Ohio law does not provide for a direct appeal from a decision of the Ohio Parole Board. Appellee filed a response in opposition thereto, and appellant filed a reply.
 {¶ 4} Via Judgment Entry filed July 24, 2003, the trial court ordered appellant "as soon as possible comply with the letter and spirit of the Ohio Supreme Court's opinion in Layne v. Ohio Adult ParoleAuthority." Appellant did not file a notice of appeal from this judgment entry. On September 2, 2003, appellant filed Motion for Leave to File Notice of Appeal Instanter, which the trial court granted via Decision Entry filed September 9, 2003. Prior to the filing of this decision entry, the trial court filed a Judgment Entry on September 2, 2003, which overruled appellant's motion to dismiss, and ordered appellant to comply with Layne, supra. On September 9, 2003, appellant filed a notice of appeal of the July 24, 2003 Judgment Entry. Thereafter, on September 10, 2003, appellant filed a notice of appeal from the September 2, 2003 Judgment Entry.
 {¶ 5} Appellant raises the following assignment of error:
 {¶ 6} "I. The Court below erred to the prejudice of Defendant-Appellant by exercising subject matter jurisdiction in this matter."
 {¶ 7} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 8} "(E) Determination and judgment on appeal.
 {¶ 9} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 10} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 11} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 12} We find the trial court's July 24, 2003 Judgment Entry, ordering appellant to comply with Layne, supra, was a final appealable order and appellant's notice of appeal filed on September 9, 2003, was untimely. A trial court has no authority to grant a party leave to file a notice of appeal instanter.
 {¶ 13} With respect to the September 2, 2003 Judgment Entry, a trial court may not reenter a judgment at a subsequent date for the sole purpose of fixing a new date for appeal. Rose v. Rose (1970),23 Ohio App.2d 201.
 {¶ 14} Appellant's appeals are dismissed as untimely.[1]
 {¶ 15} The judgment of the Richland County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J., concur.
[1] Because of the procedural posture of this appeal, we find it unnecessary to address the merits of appellant's argument.