[Cite as *State v. Molson*, 2021-Ohio-1065.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2021-A-0006** |
| ROWENA MOLSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from Ashtabula County Court, Eastern District, Case No. 2009 CRB 00165 E.

Judgment: Appeal dismissed.

*Colleen M. O'Toole,* Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Rowena Molson,* pro se*,* 3592 Eagley Road, East Springfield, PA 16411 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Rowena Molson, filed a pro se notice of appeal with the Ashtabula County Court, Eastern District, on February 22, 2021. No judgment entry is attached to the notice of appeal.

{¶2} In the description portion of the notice, appellant indicates: "Appeal of CFN 2009 PR 03675." However, there is no such trial court number on record. On her

docketing statement, appellant notes "criminal trespassing" for the "Case Type." Therefore, the trial court number for appellant's case is 2009 CRB 00165 E.

{¶3}   A review of the docket reflects that on June 1, 2009, appellant was sentenced to 30 days in jail, with credit for 30 days served, and a $50 fine after the trial court found her guilty of criminal trespass and aggravated disorderly conduct.

{¶4}   Loc.R. 3(D)(2) of the Eleventh District Court of Appeals states:

{¶5}   "The appellant shall attach to the Notice of Appeal a copy of the judgment entry or entries being appealed.  Appellant's failure to attach a copy of the judgment entry or entries may result in the dismissal of the appeal sua sponte and without notice."

{¶6}   App.R. 4(A)(1) states in relevant part:

{¶7}   "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry. * * *."

{¶8}   App.R. 5(A) states:

{¶9}   "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶10}  "(a) Criminal proceedings; * * *

{¶11}  "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶12}  Appellant failed to attach a copy of the entry for which she appeals. Additionally, if she is appealing the trial court's June 1, 2009 sentencing entry, the

2

notice of appeal was untimely filed by nearly 12 years. Because appellant did not file her notice within the thirty-day period as prescribed by App.R. 4(A)(1), and she has not sought leave to appeal under App.R. 5(A), this court is without jurisdiction to consider the appeal.

{¶13} Accordingly, the appeal is hereby sua sponte dismissed.

MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.