[Cite as *Smith v. Partlow*, 2025-Ohio-607.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| ANTHONY J. SMITH, | CASE NO. 2024-P-0058 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MICHAEL A. PARTLOW, ESQ., | |
| Defendant-Appellee. | Trial Court No. 2021 CV 00751 |

# O P I N I O N

Decided: February 24, 2025
Judgment: Affirmed

*Anthony J. Smith*, pro se, PID# A484-639, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Plaintiff-Appellant).

*Michael A. Partlow*, pro se, P.O. Box 1562, Stow, OH 44224 (Defendant-Appellee).

MATT LYNCH, J.

{¶1} This case is a direct appeal filed by plaintiff-appellant, Anthony J. Smith, from the judgment of the Portage County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.

{¶2} In December 2021, Smith filed in the trial court a complaint against defendant-appellee, Attorney Michael A. Partlow, alleging legal malpractice in relation to Smith's criminal conviction in Trumbull County case no. 04CR574. Attorney Partlow answered the complaint, and the matter came before the trial court on cross-motions for summary judgment.

{¶3} On August 24, 2023, the trial court denied Smith's motion for summary judgment, granted Attorney Partlow's motion for summary judgment, and dismissed the case with prejudice. The clerk, under Civ.R. 58(B), served notice of the judgment on the parties by regular mail that same day.

{¶4} On November 6, 2023, Smith filed in this court a notice of appeal from the trial court's August 24 judgment entry. The appeal was untimely. *See* App.R. 4(A)(1) (requiring an appellant to file the notice of appeal required by App.R. 3 within 30 days of an order that is final upon its entry). Smith included a memorandum explaining why he was unable to perfect a timely appeal. According to Smith, (1) Civ.R. 58(B) requires the clerk to serve parties with a copy of the judgment entry, not merely notice of the judgment; (2) App.R. 4(A) tolls the time for filing a notice of appeal if service of the judgment is not made in accordance with Civ.R. 58(B); and (3) Eleventh Dist.Loc.R. 3(C)(2) requires that an appellant attach to a notice of appeal a copy of the judgment entry being appealed. Smith avers that he received the clerk's notice of judgment on August 28 but did not receive a copy of the judgment entry until October 12. Smith therefore contends that the triggering date for the filing of his notice of appeal was October 12, i.e., the day he received a copy of the trial court's final judgment entry, and not August 24, i.e., the day that the clerk served him with notice of the judgment.

{¶5} We dismissed Smith's appeal as untimely, explaining that "[t]his court is not empowered to extend the time deadline in civil cases." *Smith v. Partlow*, 2023-Ohio-4598, ¶ 5 (11th Dist.), citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) and App.R. 14(B).

2

{¶6} On June 17, 2024, Smith filed in the trial court a Civ.R. 60(B) motion for relief from judgment. He requested the trial court to vacate the August 24, 2023 judgment and reissue the judgment to allow Smith to file a timely notice of appeal.

{¶7} The trial court denied Smith's Civ.R. 60(B) motion, stating that Smith had conflated the clerk's duties under Civ.R. 58(B) to serve notice of the judgment within three days with this court's requirement under Eleventh Dist.Loc.R. 3(C)(2) that a copy of the judgment entry be included with the notice of appeal.

{¶8} Smith has filed a timely notice of appeal from the trial court's denial of his Civ.R. 60(B) motion. For ease of discussion, we consider Smith's two assignments of error in reverse order.

{¶9} In his second assignment of error, Smith contends that the trial court erred by failing to conclude that Civ.R. 58(B) requires the clerk to serve the parties with notice of the judgment *and* a copy of the trial court's judgment entry.

{¶10} The interpretation of a civil rule presents a question of law, which we review de novo. *See, e.g., Archer v. Vallette*, 2022-Ohio-3560, ¶ 17 (10th Dist.).

{¶11} The plain language of Civ.R. 58(B) ("Notice of Filing") requires only that the clerk serve "notice of the judgment and its date of entry upon the journal":

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear *notice of the judgment* and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon *serving the notice* and notation of the service in the appearance docket, the service is complete. The failure of the clerk to *serve notice* does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

3

(Emphasis added.) *See also Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 2015-Ohio-241, syllabus ("The 30-day time period to file a notice of appeal begins upon service of notice of the judgment and notation of service on the docket by the clerk of courts regardless of actual knowledge of the judgment by the parties.").

{¶12} Nevertheless, Smith argues that the clerk must be required to serve parties with a copy of the judgment because this court's local rule requires a copy of the judgment being appealed to be attached to the notice of appeal. Eleventh Dist.Loc.R. 3(C)(2) provides: "The appellant shall attach to the Notice of Appeal, a copy of the judgment entry or entries being appealed. Appellant's failure to attach a copy of the judgment entry or entries may result in the dismissal of the appeal sua sponte and without notice."

{¶13} Smith's argument is not persuasive. Smith submitted a memorandum with his notice of appeal explaining why he failed to comply with the timeliness requirement of App.R. 4(A). However, failure to file a notice of appeal within the time prescribed by law is a jurisdictional defect for which we could provide no relief. *See Smith*, 2023-Ohio-4598, at ¶ 2 (11th Dist.), citing *In re H.F.*, 2008-Ohio-6810, ¶ 17, citing *Pendell*, 40 Ohio St.3d at 60.

{¶14} On the other hand, failure to attach the judgment entry being appealed to the notice of appeal is not a jurisdictional defect. This is apparent from the use of the word "may" in Eleventh Dist.Loc.R. 3(C)(2): "failure to attach a copy of the judgment entry . . . *may* result in the dismissal of the appeal . . . ." (Emphasis added.) *See, e.g., State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2024-Ohio-146, ¶ 8, fn. 2 (11th Dist.) (where we chose to address the appellant's arguments despite his failure to attach the correct judgment entry). We have invoked Eleventh Dist.Loc.R. 3(C)(2) in criminal appeals when

4

it is unclear which order is being appealed and, assuming that the appeal was taken from the last judgment on the docket, the appeal was untimely. *See, e.g., State v. Molson*, 2021-Ohio-1065, ¶ 12 (11th Dist.); *State v. Foster*, 2021-Ohio-907, ¶ 12 (11th Dist.). Here, Smith could have filed a timely notice of appeal on which he "designated the judgment . . . appealed from," *see* App.R. 3(D), and submitted a memorandum explaining why he was unable to attach a copy of the judgment entry being appealed. *See also* App.R. 41(A) ("The courts of appeals may adopt rules concerning local practice in their respective courts that are not inconsistent with the rules promulgated by the Supreme Court.").

{¶15} Smith asserts no other argument as to why we should interpret Civ.R. 58(B) to mean that the clerk must serve the parties in a civil action with notice of the judgment *and* a copy of the court's judgment. Accordingly, we conclude that Smith's second assignment of error is not well taken.

{¶16} In his first assignment of error, Smith contends that the trial court erred and abused its discretion by denying his Civ.R. 60(B) motion for relief from judgment.

{¶17} "An appellate court reviews a decision on a Civ.R. 60(B) motion for abuse of discretion." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 2014-Ohio-2353, ¶ 21.

{¶18} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . ." Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),

5

(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Should any prong of the standard for granting motions brought under Civ.R. 60(B) be unsatisfied, relief shall be denied." *Argo Plastics Prods. Co. v. Cleveland*, 15 Ohio St.3d 389, 391 (1984), citing *GTE Automatic* at 151 ("these requirements are independent and in the conjunctive, not the disjunctive").

{¶19} Smith argues that the trial court should have granted his motion under Civ.R. 60(B)(1) ("mistake, inadvertence, surprise or excusable neglect) and (B)(5) ("any other reason justifying relief from the judgment") because he was not served with a copy of the trial court's August 24, 2023 judgment entry, which prevented him from filing a timely notice of appeal.

{¶20} "A trial court's failure to give reasonable notice of the entry of a final judgment may, in an appropriate case, provide a basis for granting relief under Civ.R. 60(B)(5) when the party seeking relief has lost its right of appeal due to the failure of notice." *Baek v. Cincinnati*, 43 Ohio App.3d 158, 158 (1st Dist. 1988); *see also Ostanek v. Ostanek*, 2022-Ohio-2197, ¶ 20 (11th Dist.). Having concluded, however, that the clerk was not required to serve Smith with a copy of the judgment entry and that he was not precluded from filing a timely notice of appeal, Smith has not met his burden to establish any reason justifying relief from the judgment.

{¶21} Moreover, Civ.R. 60(B) generally does not permit a trial court to vacate and then reenter a judgment for the sole purpose of allowing an otherwise untimely appeal. *See Rose v. Rose*, 23 Ohio App.2d 201, 202 (1st Dist. 1970); *accord Steadley v. Montanya*, 67 Ohio St.2d 297, 299 (1981) ("Civ.R. 60(B) may not be used as a substitute

6

for a timely appeal or to accommodate a party by extending the normal period for appeal.").

{¶22} Smith has not demonstrated that it was an abuse of discretion for the trial court to deny his Civ.R. 60(B) motion. We therefore conclude that his first assignment of error has no merit.

{¶23} For the reasons provided in this opinion, the judgment of the Portage County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-P-0058