FLINT, D.B.A. FLINT AUTO SALES,
APPELLEE, *v.*
THE OHIO BELL TELEPHONE CO.,
APPELLANT.

(No. 10447—Decided May 26, 1982.)

*Mr. Walter J. Vogel,* for appellee.
*Mr. Thomas A. Linton,* for appellant.

MAHONEY, P. J. The Ohio Bell Telephone Company, defendant-appellant, appeals the trial court order finding it in violation of R.C. 4549.46 and holding it liable to John Flint, plaintiff-appellee, in the amount of $3,259. We affirm.

### Facts

On November 18, 1980, John Flint purchased a 1974 Dodge Tradesman van from the Ohio Bell Telephone Company (Ohio Bell). In connection with the purchase, Ohio Bell executed Form 8380, Odometer Mileage Statement and Ohio Seller's Affidavit, which stated that the vehicle had an actual mileage of 18,483 miles. The vehicle, in fact, had an actual mileage of 118,483. Flint sued pursuant to R.C. 4549.01 *et seq.,* the Odometer Rollback and Disclosure Act, alleging that appellant violated R.C. 4549.46 and requesting damages under R.C. 4549.49. The trial court held that R.C. 4549.46 imposes liability on the transferor without regard to knowledge or intent at the time the incorrect odometer affidavit was executed and, further, that R.C. 4549.46 is constitutional even though it imposes strict liability.

### Assignments of Error

"1. The record does not show that the defendant committed the offense of violating Ohio Rev. Code § 4549.46 since that statute, when read with Ohio Rev. Code § 2901.21, requires a showing of recklessness by the defendant.

"2. If the defendant violated Ohio Rev. Code § 4549.46, that statute and its attendant penalty provisions are unconstitutional."

### Discussion

R.C. 4549.46 provides:

"No person shall fail to provide the true odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of the violation."

Incorporated by reference is the R.C. 4505.06(B) requirement that:

"The registrar shall prescribe an affidavit in which the transferor shall swear to or affirm the true selling price and odometer reading of the motor vehicle. * * *"

R.C. 4549.49 permits the following civil liabilities to be imposed for failure to comply with the mileage disclosure requirements:

"(A) Any person who violates any requirement imposed by sections 4549.41 to 4549.46 of the Revised Code is liable to any transferee of the motor vehicle subsequent to the violation, in an amount equal to:

"(1) Three times the amount of actual damages sustained or fifteen hundred dollars, whichever is greater; and

"(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorneys' fees as determined by the court."

The legislature may enact statutes which prohibit certain behavior without requiring an element of knowledge or intent. For example, evidence of intent to deceive is not required in actions for an unfair or deceptive consumer sales practice under R.C. 1345.02. *Thomas* v. *Sun Furniture Co.* (1978), 61 Ohio App. 2d 78 [15 O.O.3d 26]. From our analysis of the Odometer Rollback and Disclosure Act, we conclude that the legislature intended to hold transferors who fail to disclose the true mileage of the vehicle strictly liable to the transferees for their conduct.

R.C. 4549.42 through 4549.45 each specify a culpable mental element. R.C. 4549.42 prohibits tampering with the odometer with intent to alter the number of miles registered. R.C. 4549.43 forbids the sale, use or installation of a device designed to affect the true odometer reading with the intent to defraud. R.C. 4549.44 bans operating a motor vehicle knowing that the odometer is disconnected or nonfunctional. R.C. 4549.45 prohibits the transfer of a motor vehicle if the transferor knows or reasonably should know that the odometer has been tampered with or disconnected to reflect a lesser mileage or use.

R.C. 4549.46 is the only section in the Odometer Rollback and Disclosure Act that fails to specify a culpable mental state. The mere fact that the legislature fails to specify the degree of culpability does not, by itself, create strict liability.

However, the absence of a mental element in R.C. 4549.46 where the legislature clearly provided for culpable intent in the preceding sections plainly indicates a legislative purpose to hold transferors who violate R.C. 4549.46 strictly liable for their conduct.

In Ohio, intent is not required where the accused had the means of knowledge relating to the facts of the violation, or, where, because of substantial and significant public interest involved, the accused had a duty to ascertain the facts of the violation. *State* v. *Williams* (1952), 94 Ohio App. 249 [51 O.O. 414]. See, also, 25 Ohio Jurisprudence 3d 160-161, Criminal Law, Section 54. In the instant case, Ohio Bell had the means of knowing the true odometer reading. In fact, appellant was the only person with access to such knowledge. Further, the public has a substantial interest in insuring accurate disclosure of odometer readings when motor vehicles are transferred. Indeed, motor vehicle laws are one of eight areas of the law listed by the United States Supreme Court as amenable to imposition of strict liability. See *Morissette* v. *United States* (1952), 342 U.S. 246, 262, fn. 20. Further, because of the difficulties inherent in determining the accused's subjective intent under R.C. 4549.46, requiring the transferee to prove recklessness in a lawsuit pursuant to R.C. 4549.49 would make the statute virtually unenforceable. Thus, we hold that Ohio Bell had a strict duty to ascertain the true mileage of the vehicle.

Finally, we cannot say that the civil penalties imposed by R.C. 4549.49 are disproportionate to the harm done by the violation. In the instant case, Ohio Bell's liability is directly related to the actual damages sustained by transferee Flint. Had Flint sustained no actual damages, Ohio Bell's liability would have been limited to $1,500 plus costs and reasonable attorney's fees. As the Supreme Court noted in *Morissette, supra,* at 255-256:

"* * * Many violations of such regulations result in no direct or immediate injury to person or property but merely create the danger or probability of it which the law seeks to minimize. While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect, whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element. The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities. * * *"

Based on this rationale, the liabilities imposed by R.C. 4549.49 for the violation of R.C. 4549.46 are not disproportionate to the purpose of the statute, and the statute is constitutional.

Appellant's assignments of error are overruled. The judgment is affirmed.

*Judgment affirmed.*

VICTOR and QUILLIN, JJ., concur.