**HUGHES, Appellee,**

**v.**

**MILLER, d.b.a. Auto Clinic Used Cars, Appellant.**

[Cite as *Hughes v. Miller* (1991), 72 Ohio App.3d 633.]

Court of Appeals of Ohio,
Putnam County.

No. 12–89–15.

Decided Feb. 25, 1991.

*Thomas R. Kuhn,* for appellee.
*William Balyeat,* for appellant.

HADLEY, Judge.

Charles E. Miller, defendant-appellant, appeals from a judgment entered against him by the Common Pleas Court of Putnam County in the amount of $4,800. After a bench trial, the trial court found Miller, owner of a used-car dealership, in violation of the Odometer Rollback and Disclosure Act, R.C. 4549.41 *et seq.,* and, particularly, R.C. 4549.46, by selling to Beatrice Hughes, plaintiff-appellee, a vehicle which had traveled more miles than was reflected on the odometer without first disclosing that fact.

The parties entered the following stipulation of facts which are taken from the trial court's judgment entry:

"1. That at the time of Plaintiff's purchase of said subject automobile on March 1, 1984, said automobile had in excess of 60,887 miles.

"2. That Plaintiff believed and relied on Defendant's representations that mileage shown on the odometer of 31,092 was accurate.

"3. That Plaintiff first discovered the difference in mileage in a letter she received from the Michigan Department of State on or after May 9, 1986.

"4. That Plaintiff, had she known the true mileage of said automobile, would not have entered into the contract or agreement for the purchase of said automobile.

"5. That the rollback of said automobile odometer was done prior to Defendant's purchasing of said automobile.

"6. That Defendant, had he had actual knowledge of said automobile's actual mileage, would have reported to Plaintiff said actual mileage."

The court also entered the following findings of fact:

"1. The Defendant * * * could have performed a mileage check of the public records comprising the chain of title of ownership to the said vehicle in question. Such a title check would have revealed the correct mileage of the vehicle.

"2. The Defendant was without actual knowledge of the odometer rollback.

"3. The vehicle was purchased by the Plaintiff on February 22, 1984 for $5,600.00. The value of the vehicle with a correct odometer reading of 60,000 miles in March of 1984 would be $4,000.00

"4. The Plaintiff paid an excess amount of $1600.00 for the value of the vehicle as a result of the odometer rollback."

Finally, the trial court determined that the applicable statute was the original version of R.C. 4549.46. The trial court then applied R.C. 4549.46 as it had been interpreted by the Ohio courts and concluded that defendant Miller was strictly liable for breach of a duty to ascertain a true odometer reading of the vehicle, and was therefore liable for damages as specified by R.C. 4549.49(A)(1).

■ Defendant appeals asserting one assignment of error:

"The trial court erred in finding that a transferor of a motor vehicle who violates R.C. 4549.46 shall be held strictly liable for failure to disclose the true odometer reading of the transferred vehicle."

Both parties agree that the original version of R.C. 4549.46 applies to this action. That section reads:

"No transferor shall fail to provide the true odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, *unless the transferor knows of the violation.*" (Emphasis added.)

■ When interpreting legislation, courts must give the words used their plain and ordinary meaning. *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 18 OBR 151, 480 N.E.2d 412. In *Celebrezze v. Hughes* (1985), 18 Ohio St.3d 71, 18 OBR 102, 479 N.E.2d 886, the Supreme Court stated, while interpreting other sections of the Odometer Rollback and Disclosure Act: "[T]he General Assembly is not presumed to do a vain or useless thing, and * * * when language is inserted in a statute, it is inserted to accomplish some definite purpose." *Id.* at 74, 18 OBR at 104, 479 N.E.2d at 888.

It was undisputed at oral argument that had defendant been responsible for the tampering with the odometer of the vehicle sold to plaintiff, he would be strictly liable under R.C. 4549.46. Rather, the crux of defendant's appeal focuses on the impact of the exception to liability given in the second sentence of the section.

Plaintiff asserts that the entire paragraph imposes strict liability on the transferor without regard to culpability for the odometer tampering, while defendant claims that the exception given in the second sentence only attaches liability to the transferor who has actual knowledge of the tampering. After reviewing case law, we conclude that the defendant was within the exception stated in the second sentence of R.C. 4549.46, and as such, he must have had actual knowledge of the odometer tampering in order to be liable.

The leading case interpreting the provisions of R.C. 4549.46 is *Flint v. Ohio Bell Tel. Co.* (1982), 2 Ohio App.3d 136, 2 OBR 150, 440 N.E.2d 1244. *Flint* involved the sale of a company van by the defendant telephone company to plaintiff. The telephone company failed to disclose that the odometer had rolled over so that the van actually had 100,000 more miles on it than was registered on the odometer. Plaintiff sued under the Act. The defendant denied liability on the basis that recklessness on its part had to be proven by the plaintiff. The court disagreed and concluded:

"[T]hat the legislature intended to hold transferors who fail to disclose the true mileage of the vehicle strictly liable to the transferees for their conduct.

" * * *

"Indeed, motor vehicle laws are one of eight areas of the law listed by the United States Supreme Court as amenable to imposition of strict liability [citations omitted]. Further, because of the difficulties inherent in determining the accused's subjective intent under R.C. 4549.46, requiring the transferee to prove recklessness in a lawsuit pursuant to R.C. 4549.49 would make the statute virtually unenforceable." *Id.* at 137, 2 OBR at 151, 440 N.E.2d at 1246.

*Flint* has been widely cited and followed in subsequent cases involving inaccurate odometer statements. See, *e.g., Musick v. Barnett Ford–Mercury, Inc.* (1986), 29 OBR 57, 1986 WL 4219; *Baek v. Cincinnati* (1988), 43 Ohio App.3d 158, 539 N.E.2d 1149; *Stover v. Auto & Home Center, Inc.* (Nov. 27, 1987), Williams App. No. WMS–87–1, unreported, 1987 WL 20440; *Hammock v. Lozan* (Feb. 26, 1987), Montgomery App. No. CA 9939, unreported, 1987 WL 7048.

Two unreported appellate cases have addressed the exception given in the second sentence of R.C. 4549.46. In *Hammock v. Lozan, supra,* the trial court held that strict liability applied, but addressed appellant's assignment of error regarding the impact of the second sentence. The court stated:

"While the second sentence of R.C. 4549.46 does provide an exception to the first, the second sentence does not dilute the import of the first sentence *in the absence of facts triggering application of the second sentence.* (Emphasis added)."

The second case on point is *Prickett v. The Foreign Exchange* (1990), 68 Ohio App.3d 236, 587 N.E.2d 972. In *Prickett,* plaintiff discovered, via a sticker in the door jamb of the car he had purchased from defendant, that a new odometer had been installed. In fact, the car had approximately 14,500 more miles on it than was registered on the odometer. Plaintiff conceded that defendant was not the one who installed the new odometer or that defendant had any knowledge of it.

The court held that the defendant car dealer was not strictly liable under R.C. 4549.46, because the defendant fell under the exception provided for in the second sentence. The court, in reaching this conclusion, reasoned:

"The plain meaning of the word 'knows' in this context is that the transferor must have actual knowledge of odometer discrepancies caused by previous owners before he can be held liable for them. This construction is supported by the fact that the General Assembly saw fit to amend R.C. 4549.46(A) to read that a transferor is not culpable for a previous owner's having rolled back the odometer 'unless the transferor knows of or recklessly disregards facts indicating the violation.' If the previous statute had encompassed more than actual knowledge, this amendment would have been unnecessary." *Id.* at 239, 587 N.E.2d at 974.

This interpretation by the court comports with the reasoning given in *Flint v. Ohio Bell Tel. Co., supra.* There, the court specifically found that to require proof of recklessness on the part of the transferor would make R.C. 4549.46 unenforceable. With regard to the first sentence of the section, that holding is true. However, imposing the same justification for strict liability on the second sentence is contrary to the express language used, especially in

light of the fact that the legislature has added the very element that the court in *Flint* said was not required.

 Strict liability under R.C. 4549.46 applies to a transferor when a discrepancy in the odometer reading occurs during their ownership of the vehicle, unless the transferor properly discloses the discrepancy upon transfer. This holding logically follows the *Flint* decision, where that court stated the premise of strict liability on the basis that "[transferor] had the means of knowing the true odometer reading. In fact, [transferor] was the only person with access to such knowledge." *Id.*, 2 Ohio App.3d at 137, 2 OBR at 151, 440 N.E.2d at 1246. The second sentence of R.C. 4549.46 places liability only on the transferor of a vehicle which has not had its odometer tampered with during his ownership, but the transferor nevertheless has actual knowledge of tampering with, or discrepancy in, the odometer reading.

This interpretation, applied to the stipulated facts, requires us to reverse the trial court.

Appellant's assignment of error is well taken.

*Judgment reversed.*

MILLER and EVANS, JJ., concur.

EDGAR L. MILLER, J., retired, of the Third Appellate District, sitting by assignment.