**MOON, Appellant,**

v.

**MILLER, Appellee.**

[Cite as *Moon v. Miller* (1991), 77 Ohio App.3d 157.]

Court of Appeals of Ohio,
Sandusky County.

No. S–90–9.

Decided Sept. 13, 1991.

*Jerry Semer,* for appellant.
*William R. Bowlus,* for appellee.

*Per Curiam.*

This is an appeal from a March 26, 1990 judgment entry of the Sandusky County Court of Common Pleas in which the court denied a motion for a new trial following a jury verdict and judgment entered in favor of appellee on various causes of action arising from a private sale of a semi truck. Appellant asks this court to consider two assignments of error which are:

"1. The court errored [*sic*] when it did not grant plaintiffs [*sic*] motion for directed verdict or plaintiffs [*sic*] motion for judgment notwithstanding the verdict on plaintiffs [*sic*] second cause of action.

"2. The court errored [*sic*] when it failed to grant plaintiffs [*sic*] motion for directed verdict and motion for judgment notwithstanding the verdict on plaintiffs [*sic*] expressed [*sic*] warranty claim."

After careful consideration of the issues raised and the applicable law, we affirm the trial court's order.

The parties stipulated to several facts in this case. Included in the stipulations was a chart showing the chain of title for the semi truck purchased by appellant from appellee. The chart is as follows:

| "DATE OF TRANSFER | OWNERSHIP TRANSFER | ODOMETER MILEAGE |
|---|---|---|
| "12/28/79 | Lowell Hall to John Wynne | 315,238 |
| "10/9/85 | John Wynne to Fremont White Truck | 284,006 |
| "2/5/86 | Fremont White Truck to Kenneth Miller | 284,006 |
| "10/3/86 | Kenneth Miller to Darel Moon | 304,220" |

Testimony given at trial revealed that appellee told appellant at the time of sale that to the best of appellee's knowledge, the figure of 304,220 miles as

recorded on the odometer was accurate. The record shows that the title given to appellee by Fremont White Truck, a dealership which sold the semi truck to appellee, was completed with check marks next to the following two statements: (1) "The odometer reading reflects mileage in excess of the assigned mechanical limit of 99,999 miles"; and (2) "The odometer of this vehicle was repaired or replaced." Testimony at trial revealed that the boxes were checked after appellee had already signed his name to the title, establishing that appellee was unaware that the dealership had checked those two statements. Testimony from an employee of the dealership also established that the box regarding an odometer repair or replacement was checked in error. No such repair or replacement occurred. Testimony was also given at trial establishing that the mechanical limits of the odometer on the semi truck was 999,999, not 99,999 as was erroneously indicated by the box checked by the dealership.

When appellee transferred title to appellant, the following statements were checked: (1) "To the best of our knowledge odometer reading reflects the actual mileage"; and (2) "The odometer of this vehicle was not altered, set back or disconnected." Appellant drove the vehicle for a short period of time and experienced mechanical difficulties with the truck which precluded further use of the truck. A mechanic called appellant's attention to the possibility that the vehicle had been driven more miles than was recorded on the odometer. Appellant filed a complaint initiating this case on March 3, 1989. Jury verdicts in favor of appellee were filed on January 18, 1990. Appellant filed a motion for a judgment notwithstanding the verdict or a new trial. The lower court filed a judgment entry on March 26, 1990 denying appellant's motions. A notice of appeal was filed on April 24, 1990.

Appellant contends in his first assignment of error that he was entitled to a directed verdict on his claim for odometer fraud. Appellant states that a person who sells a vehicle with more mileage than was disclosed to the buyer is subject to strict liability. Appellant cites R.C. 4549.46 and case law to support his arguments. Appellee counters by stating that the jury verdict was properly rendered. Appellee states that appellant failed to show any knowledge or intent to commit odometer fraud, thereby precluding any finding of liability.

When a party raises the issue of whether or not a directed verdict should be granted, the question is a matter of law, not of fact. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph three of the syllabus. When a motion for a directed verdict is made, a court must construe the evidence most strongly in favor of the nonmoving party, in this instance, the appellee. If, after construing the evidence most strongly in favor of the

nonmoving party, the court concludes that reasonable minds could only come to one conclusion and that conclusion is adverse to the nonmoving party, the motion for a directed verdict must be granted. Civ.R. 50(A)(4).

The statute under which appellant filed his claim for odometer fraud is R.C. 4549.46. R.C. 4549.46 currently states in pertinent part:

"(A) No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation."

Appellant argues that appellee is subject to strict liability and cites a case decided by the Ninth District Court of Appeals of Ohio in 1982 to support his argument. *Flint v. Ohio Bell Tel. Co.* (1982), 2 Ohio App.3d 136, 137, 2 OBR 150, 151–152, 440 N.E.2d 1244, 1246–1247. We note that the decision in *Flint v. Ohio Bell Tel. Co., supra,* was decided before the statute was amended to its current language in 1987. We acknowledge that the preceding version of the statute was very similar to the current version, the only difference being the addition of the phrase "or recklessly disregards facts indicating" in the current version. However, the additional language of the statute, which is applicable in this case, requires us to reach a slightly different result from that reached by the court in *Flint v. Ohio Bell Tel. Co., supra.* While we agree that R.C. 4549.46 establishes a strict liability crime, we hold that the legislature of Ohio, through the amendment of the statute in 1987, specifically created a defense to strict liability. The defense is contained in the second sentence of R.C. 4549.46 and applies in situations where an incorrect odometer reading was due to a violation committed by an owner previous to the owner being sued. If that situation occurs, the second sentence of R.C. 4549.46 requires the consideration of the question of whether the owner being sued knew or recklessly disregarded facts indicating the violation by the previous owner. See *Prickett v. The Foreign Exchange* (1990), 68 Ohio App.3d 236, 587 N.E.2d 972. See, also, *Pazzelli v. Chuck Sypolt Chevrolet, Inc.* (Nov. 26, 1990), Stark App. No. CA–8153, unreported, 1990 WL 187074. The facts in this case show that reasonable minds could have concluded that appellee did not know or recklessly disregard facts which indicated a violation of R.C. 4549.46 by a previous owner. Therefore, appellant was not entitled to a directed verdict. Appellant's first assignment of error is not well taken.

■ In his second assignment of error appellant contends that he was entitled to a directed verdict on his claim for breach of an express warranty. To establish a claim for an express warranty, a party must show the requirements of R.C. 1302.26 are met. R.C. 1302.26 states in pertinent part:

"(A) Express warranties by the seller are created as follows:

"(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."

Once again, appellant is entitled to a directed verdict if the evidence, construed most strongly in favor of appellee, could only lead reasonable minds to a conclusion that is adverse to appellee. *O'Day v. Webb, supra,* paragraph three of the syllabus. In this instance the record shows that the trial court did not err when it denied appellant's motion for a directed verdict. Evidence was presented at trial which would not lead reasonable minds only to a conclusion adverse to appellee. Appellee testified that he always prefaced any remarks about the mileage of the semi truck with a statement that to the best of his knowledge the mileage was a particular amount. Thus, reasonable minds could construe that evidence to conclude that appellee never made an affirmative promise or representation of fact that the truck's mileage was a certain amount. In addition, appellant did testify that mileage was a consideration in his search for a semi truck to purchase, but on cross-examination appellant agreed that the condition of the truck was more important than the mileage. Appellant agreed that the truck was in "plum" condition and that his expectation was to purchase a semi truck with 500,000 or less miles. No evidence was presented to show that the mileage on the semi truck sold by appellant exceeded 500,000. Reasonable minds could construe that evidence to conclude that the mileage of the semi truck was not a part of the basis of the bargain. Since the same test is applied for a motion for a judgment notwithstanding the verdict as is applied in a motion for a directed verdict, *Ayers v. Woodard* (1957), 166 Ohio St. 138, 1 O.O.2d 377, 140 N.E.2d 401, paragraph one of the syllabus, appellant was also not entitled to a judgment notwithstanding the verdict. Appellant's second assignment of error is not well taken.

The judgment of the Sandusky County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., ABOOD and MELVIN L. RESNICK, JJ., concur.