**TRIPLETT, Appellant,**

v.

**VOROS, Appellee.**

[Cite as *Triplett v. Voros* (1996), 114 Ohio App.3d 268.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17778.

Decided Sept. 25, 1996.

*Dean Konstand,* for appellant.

*Jerry Montgomery,* for appellee.

REECE, Judge.

Appellant, Kara Triplett, appeals from a judgment of the Summit County Court of Common Pleas in favor of appellee, Judith Voros, on Triplett's claim under the Odometer Rollback and Disclosure Act. Because the trial court erred

in failing to grant Triplett summary judgment on the issue of liability, we reverse the judgment and remand the cause for a determination of Triplett's damages.

In March 1995, Triplett purchased a 1973 Chevrolet Corvette from Voros. At the time of sale, the odometer read 60,158 miles. The actual mileage of the vehicle, however, was well in excess of one hundred thousand miles. Voros was aware that the odometer had "rolled over," or exceeded its mechanical limits of 99,999 miles, at least once. She was also aware that her late husband had rebuilt the engine and may have reset the odometer at that time.

In completing the requisite odometer disclosure form when she transferred title to Triplett, however, Voros stated that the odometer reading of 60,158 miles reflected the actual mileage of the vehicle. She failed to check either of the two disclosures on the form that (1) the odometer had exceeded its mechanical limits of 99,999, or that (2) the odometer reading was not the actual mileage of the vehicle.

Triplett brought this action, pursuant to R.C. 4549.46, seeking damages for Voros's failure to disclose the true mileage of the vehicle. Triplett moved for summary judgment on the issue of liability, asserting that Voros was strictly liable under R.C. 4549.46 for failing to provide a true odometer disclosure when she transferred the title. Voros opposed summary judgment, contending that, although the odometer disclosure form was admittedly incorrect, she had orally advised Triplett that the odometer did not reflect the actual mileage of the vehicle. She further asserted that it was at Triplett's insistence that she did not disclose the inaccuracy of the odometer on the requisite disclosure form. Agreeing that Triplett's knowledge of the surrounding facts and her role in the completion of the odometer disclosure form might prevent her recovery, the trial court overruled Triplett's motion for partial summary judgment "[o]n the basis of the doctrine of equitable estoppel."

Following a trial to the court, judgment was entered in favor of Voros. From the evidence adduced at trial, the trial court concluded that the defense of equitable estoppel prevailed. The trial court found that Triplett had knowledge of the fact that the odometer did not reflect the vehicle's true mileage, but that she had persuaded Voros not to check either disclosure on the odometer disclosure form.

Triplett appeals and raises three assignments of error.

In her first assignment of error Triplett contends that the trial court erred in overruling her motion for partial summary judgment on the issue of liability. She asserts, and we agree, that there is no equitable estoppel defense to a violation of R.C. 4549.46(A), which provides:

"No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation."

It is undisputed that Voros failed to disclose the vehicle's true mileage on the odometer disclosure form. By failing to provide the requisite disclosure, she violated R.C. 4549.46(A).

Transferors who violate R.C. 4549.46 are held strictly liable for their conduct. *Flint v. Ohio Bell Tel. Co.* (1982), 2 Ohio App.3d 136, 137, 2 OBR 150, 151–152, 440 N.E.2d 1244, 1246–1247. There is only one defense to liability, which is written into the statute. See *Moon v. Miller* (1991), 77 Ohio App.3d 157, 160, 601 N.E.2d 534, 535–536. That defense, relevant only when there has been a violation by a previous owner, is inapplicable here.

It is no defense that the transferee had knowledge that the odometer reading was incorrect. *Baek v. Cincinnati* (1988), 43 Ohio App.3d 158, 161, 539 N.E.2d 1149, 1152–1153. Whether Triplett knew that the odometer was not accurate or whether she even told Voros not to disclose the true mileage is not relevant to Voros's liability under R.C. 4549.46.[1] The public at large has a substantial interest in preventing inaccurate odometers from entering the stream of commerce. *Flint, supra.* Therefore, the trial court erred in failing to grant summary judgment in Triplett's favor on the issue of liability. The first assignment of error is sustained.

We need not reach Triplett's second and third assignments of error because they have been rendered moot by our disposition of her first assignment of error. See App.R. 12(A)(1)(c).

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and SLABY, J., concur.

---

1. Triplett's knowledge of the inaccurate odometer reading may, however, be relevant to whether she sustained any actual damages due to the inaccurate disclosure on the form.