JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Atomic Auto Sales, Inc. ("Atomic"), appeals the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, Evan Noble, on claims for violating the Ohio Consumer Sales Practices Act and the Ohio Odometer Rollback and Disclosure Act, as well as the trial court's award of attorney's fees. For the reasons stated herein, we affirm the trial court's summary judgment ruling, reverse the award of attorney's fees, and remand the matter for further proceedings.
 {¶ 2} Noble brought this action against Atomic on February 3, 2006, alleging the following claims: (1) violation of the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. 1345.02 and R.C. 1345.03; (2) common law fraud; (3) violation of the Ohio Odometer Rollback and Disclosure Act, R.C. 4549.45 and R.C. 4505.06; and (4) breach of implied warranty. With respect to these claims, Noble asserted that Atomic knowingly failed to provide a proper and necessary odometer disclosure statement with respect to Noble's purchase of a 1995 Nissan Altima ("Altima") from Atomic. Atomic filed an answer denying the substantive allegations of the complaint.
 {¶ 3} Noble filed a motion for summary judgment on count one (OCSPA), and on count three (Ohio Odometer Rollback and Disclosure Act). The evidence reflected that on November 3, 2005, Atomic purchased the Altima from Our Lady of the Wayside Auto Sales ("Wayside"). At the time of the sale, Wayside disclosed to Atomic that the Altima's odometer was inoperable. The certificate of title was *Page 3 
completed with an odometer reading of 90,093, and the statement was checked that "the odometer reading is not the actual mileage WARNING ODOMETER DISCREPANCY."
 {¶ 4} On November 25, 2005, Noble purchased the Altima from Atomic. On the odometer disclosure statement, Atomic failed to indicate the mileage reflected on the odometer (90,093) and instead wrote in the initials "TMU," purportedly standing for "true mileage unknown." Further, Atomic failed to check the box warning that the odometer reading was not the actual mileage and that there was an odometer discrepancy.
 {¶ 5} The trial court granted Noble's motion for partial summary judgment and awarded Noble damages on count one in the amount of $3,240 plus costs, and on count three in the amount of $3,240 plus costs, and reasonable attorney's fees to be determined at a hearing. Thereafter, Noble voluntarily dismissed the remaining counts of his complaint (common law fraud and breach of implied warranty).
 {¶ 6} On January 16, 2007, the trial court held a hearing on the issue of attorney's fees. The trial court determined that Atomic had knowingly violated the Ohio Consumer Sales Practices Act and that Noble was entitled to recover attorney's fees under either R.C. 4549.49 or R.C.1345.09. The court found the time expended and the amount of attorney's fees and costs (including expert fees) requested by Noble were reasonable and awarded Noble $14,680.34, consisting of $13,230 in attorney's fees, $271.59 in costs, and $1,178.75 in expert fees, with *Page 4 
statutory interest.
 {¶ 7} Atomic timely filed this appeal on February 15, 2007 and has raised two assignments of error for our review.
 {¶ 8} Atomic's first assignment of error states as follows: "The trial court erred in granting appellee's motion for partial summary judgment when there were genuine issues of material fact in the case, and appellee was not entitled to judgment as a matter of law."
 {¶ 9} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 369, 1998-Ohio-389.
 {¶ 10} Atomic argues that the actual mileage of the Altima was not known, and therefore, it could not certify whether the odometer reading was inaccurate. Atomic further states that it was never provided with the actual milage of the vehicle by the previous owner. However, the evidence in this case clearly reflects that Atomic was aware of the odometer reading on the vehicle, was aware that there was a discrepancy with the odometer reading, and failed to provide true and complete *Page 5 
odometer disclosures. Atomic, as the transferor of a vehicle with an incorrect odometer disclosure statement, was subject to strict liability.
 {¶ 11} R.C. 4549.45 states:
 "No person shall transfer a motor vehicle if the person knows or recklessly disregards facts indicating that the odometer of the motor vehicle has been changed, tampered with, or disconnected, or has been in any other manner nonfunctional, to reflect a lesser mileage or use, unless that person gives clear and unequivocal notice of such tampering or nonfunction or of his reasonable belief of tampering or nonfunction, to the transferee in writing prior to the transfer. In a prosecution for violation of this section, evidence that a transferor or his agent has changed, tampered with, disconnected, or failed to connect the odomemter of the motor vehicle constitutes prima-facie evidence of knowledge of the odometer's altered condition."
 {¶ 12} R.C. 4549.46 states in pertinent part:
 "(A) No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this division requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation."
 {¶ 13} Transferors who violate R.C. 4549.46 are held strictly liable for their conduct. Flint v. Ohio Bell Tel. Co. (1982),2 Ohio App.3d 136, 137. Insofar as *Page 6 
Atomic argues that Noble should have been aware that the odometer was broken, such knowledge does not alter the imposition of strict liability. Indeed, an accurate odometer reading is necessary even when the buyer of the vehicle knows the true odometer reading. Baek v.Cincinnati (1988), 43 Ohio App.3d 158, 161 (the transferor's intent or the transferee's knowledge are not elements). Further, strict liability is imposed even for de minimus violations. Harrel v. Talley, Athens App. No. 06CA41, 2007-Ohio-3784. Liability exists simply as a result of the transferor's failure to provide the true and complete odometer disclosures.
 {¶ 14} Atomic also attempts to argue that the exception to strict liability set forth in R.C. 4549.46 should be applied, as a previous owner may have committed a violation. We do not find the exception is applicable in this matter. There was no evidence indicating a violation by a previous owner, and when the Altima was transferred from Wayside to Atomic, the title showed that there was an odometer discrepancy. Further, Atomic should have been aware that there was a discrepancy since the odometer reading was the same at the time of the sale to Noble, despite the car's having been driven while in Atomic's possession. Accordingly, we find that the trial court correctly imposed strict liability against Atomic and granted summary judgment on this claim.
 {¶ 15} We also find that Atomic's failure to provide true and complete odometer disclosures in this matter constituted unfair or deceptive consumer sales practice under R.C. 1345.02 and unconscionable consumer sales practices under *Page 7 
R.C. 1345.03. See Celebrezze v. Hughes (June 5, 1984), Montgomery App. No. 8396. We find that the trial court properly found that Atomic violated the OCSPA and that Noble was entitled to summary judgment on this claim.
 {¶ 16} Atomic's first assignment of error is overruled.
 {¶ 17} Atomic's second assignment of error states as follows: "The trial court erred in permitting appellee to introduce his two exhibits of itemized time of hours without ever previously supplying a copy to appellant's legal counsel until just before the hearing."
 {¶ 18} A trial court has broad discretion when imposing discovery sanctions, and an appellate court reviews such rulings under an abuse of discretion standard. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254. A court abuses its discretion when its ruling reflects an unreasonable, arbitrary, or unconscionable attitude toward the issues on which it is ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Also, the standard of review on the issue of attorney fees is abuse of discretion. Bittner v. Tri-County Toyota, Inc. (1991),58 Ohio St.3d 143, 146.
 {¶ 19} Here, Atomic does not challenge that Noble was entitled to attorney's fees pursuant to R.C. 4549.49 and R.C. 1345.09. Rather, he claims that the trial court abused its discretion by allowing Noble's trial counsel to introduce two exhibits regarding itemization of fee bills, that were not disclosed until just before the hearing and after the discovery deadline had passed. Atomic argues that these were *Page 8 
surprise exhibits that strongly prejudiced its ability to challenge the evidence and to properly cross-examine the witnesses.
 {¶ 20} The purpose of the discovery rules is to prevent surprise and the secreting of evidence favorable to one party. Stross v.Laderman (Sept. 23, 1999), Cuyahoga App. No. 74686, citing Lakewood v.Papadelis (1987), 32 Ohio St.3d 1, 3. "This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries." Jones v. Murphy
(1984), 12 Ohio St.3d 84, 86.
 {¶ 21} As this court stated in Rossman v. Rossman (1975),47 Ohio App.2d 103: "[An] exercise of judicial discretion that rewards a party's willful obstruction of his opponent's good faith discovery efforts is suspect. Such an exercise of judicial discretion must be justified by a weightier interest than expediency. * * * An appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial right."
 {¶ 22} In this case, Atomic was entitled to discover the facts that Noble would use to establish his attorney's fees. Noble could have supplemented his discovery responses before the hearing. Atomic was prejudiced by the failure to provide the discovery as the exhibits were relied upon by Noble's witnesses in establishing the reasonableness of attorney's fees. *Page 9 
 {¶ 23} A review of the trial transcript shows Atomic's attorney objected to the admission of the exhibits at the hearing. Noble's expert testified that she had reviewed the exhibits and that, in her opinion, the time entries were reasonable with respect to the services performed. Noble's expert further testified that, in her opinion, the time and labor shown on the time sheets were very reasonable and, in fact, were low. She also testified to the reasonableness of the rates charged and the total amount of attorney's fees. Noble's attorney also testified regarding the time and fees expended on the matter. Also, there was a concern as to any duplication of effort as two law firms had been involved in representing Noble in the matter. Without having been provided with the exhibits relied upon by Noble's witnesses, Atomic was clearly prejudiced with respect to its ability to cross-examine the witnesses and to challenge the reasonableness of the fees sought.
 {¶ 24} We recognize that the trial court was faced with weighing the interests involved and wished to reach a resolution on the attorney's fees issue. However, Noble's failure to disclose the exhibits in a timely manner amounted to willful noncompliance and resulted in unfair surprise to Atomic, such that the trial court should have continued the proceedings until Atomic could review the exhibits. We find that the trial court abused its discretion in this regard and that the judgment of the trial court with respect to attorney's fees is reversed and remanded for further proceedings. Atomic's second assignment of error is sustained.
 {¶ 25} Judgment affirmed in part, reversed in part, and remanded. *Page 10 
It is ordered that appellant and appellee share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR *Page 1