OPINION
{¶ 1} Defendant-appellant, General Motors Acceptance Corporation ("GMAC"), appeals from the judgment of the Franklin County Court of Common Pleas granting *Page 2 
summary judgment in favor of plaintiff-appellee State of Ohio ("appellee"), on count two of its complaint as well as on GMAC's counterclaim against appellee for abuse of process.
 {¶ 2} Appellee initiated this action by filing a six count complaint against GMAC and Midway Motors Sales, Inc. ("Midway"), on a strict liability theory under the Ohio Odometer Rollback and Disclaimer Act ("Odometer Act"), codified in R.C. 4549.41, et seq., and the Consumer Sales Practices Act, codified in R.C. 1345.01, et seq. The underlying facts of this litigation are largely undisputed. Midway purchased vehicles from General Motors Corporation ("GM"), who issued the manufacturer's certificate of origin in Midway's name, thereby making Midway the first owner of the vehicles. Midway leased these vehicles to Modern Builders Supply, Inc. ("MBS"), pursuant to lease agreements with specific mileage limits.[1] Midway then assigned the lease agreements to GMAC, whereupon the vehicles were titled in GMAC's name. Midway and MBS, however, entered into separate lease arrangements allowing MBS greater mileage limits than those allowed in the lease agreements assigned to GMAC, which resulted in a number of vehicles having substantially more mileage than the 30,000 allowance. After the expiration of the leases, Midway retrieved the leased vehicles from MBS, then altered and/or rolled back their odometers.
 {¶ 3} The vehicles were then sold to authorized dealers at dealer-only auctions. In the spring of 2004, GMAC discovered the odometer tampering scheme. Apparently, 85 vehicles had altered odometers, 72 of which were in the hands of retail customers. *Page 3 
GMAC implemented a remediation plan concerning the current owners of these vehicles.[2] GMAC also reported the incident to the Ohio Attorney General.
 {¶ 4} On January 6, 2005, the instant litigation was filed. GMAC filed an answer and a counterclaim for abuse of process. Midway did not file an answer, but did file a notice of filing bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. Thereafter, a default judgment was rendered against Midway, but the trial court did not award damages due to Midway's bankruptcy filing. The trial court did, however, impose a civil penalty of $93,000, and permanently enjoined Midway from engaging in acts and practices described as violations of the Odometer Act and Consumer Sales Practices Act.
 {¶ 5} On October 12, 2005, appellee filed a motion for partial summary judgment on its claim under the Odometer Act, and for summary judgment on GMAC's counterclaim for abuse of process. The trial court granted appellee's motion for both summary judgment on the counterclaim and partial summary judgment on appellee's complaint. The issue of damages was reserved pending a hearing. Thereafter, appellee dismissed the remaining counts in the complaint pursuant to Civ. R. 41(A). GMAC filed a motion for reconsideration that the trial court denied on May 23, 2007. On May 25, 2007, a damages hearing was held. On August 15, 2007, the trial court imposed a statutory fine against GMAC of $1,000 per violation, and then suspended said fine.
 {¶ 6} GMAC timely appeals and brings the following ten assignments of error for our review:
 1. Because GMAC Provided Truthful Odometer Disclosures To The Best Of Its Knowledge As *Page 4 
Required By State Law, the Trial Court erred in Holding GMAC Strictly Liable For An Alleged Disclosure violation As A Matter Of Affirmative Summary Judgment.
 2. The Trial Court Erred In Granting Affirmative Partial Summary Judgment Against GMAC On The Basis Of The State's Own Misleading Affidavit Form, Because That Form Amounts To Unconstitutional Entrapment.
 3. The Trial Court Erred In Imposing Strict Liability On GMAC On The Basis Of What Amounted To Altered Evidence.
 4. The Trial Court Was Not Entitled To Decide "Knowledge" As a Matter Of Law, Because "Knowledge" Is A Question Of Fact Precluding Summary Judgment.
 5. The Trial Court Erred In Granting Affirmative Partial Summary Judgment Against GMAC Under O.R.C. § 4549.46(A) Because GMAC Cannot Be Liable For The Acts Of A Previous Owner.
 6. The Trial Court Erred In Holding That GMAC Should Be Liable For Unknowingly Making Allegedly False Odometer Disclosures To Midway, The Wrongdoer Who Engaged In Secret Odometer Tampering; Principles Of Equity An Fairness Preclude Such A Finding.
 7. The Trial Court Erred In Denying GMAC's Motion for Reconsideration Of The Affirmative Partial Summary Judgment Decision On Liability.
 8. The Trial Court Erred in Granting Summary Judgment Against GMAC On Its Counterclaim For Abuse Of Process, Because Genuine Issues Of Material Fact Exist.
 9. The Trial Court Erred In Refusing GMAC's Constitutional Right To A Jury Trial. *Page 5 
 10. The Trial Court Erred In Imposing A Statutory Penalty Of $1,000 Per Violation Of O.R.C. § 4549.46(A) Because Not A Single Violation Was Established.
 {¶ 7} This matter was decided in the trial court by summary judgment, which under Civ. R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion.Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621,629, citing Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ. R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 8} An appellate court's review of summary judgment is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Patsy Bard v. Society Nat. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. ShellyCo. (1995), 106 Ohio App.3d 440, 445. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41-42.
 {¶ 9} One of the core issues in this case is whether or not R.C. 4549.46 holds transferors who fail to disclose the true mileage of a vehicle strictly liable for their conduct. *Page 6 
R.C. 4549.46 was amended in 1987. Prior to its amendment, R.C. 4549.46
provided, in part:
 No person shall fail to provide the true odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of the violation.
 {¶ 10} The statute incorporated by reference R.C. 4505.06(C), which required:
 "The registrar shall prescribe an affidavit in which the transferor shall swear to or affirm the true selling price and odometer reading of the motor vehicle. * * *"
Flint v. The Ohio Bell Tel. Co. (1982), 2 Ohio App.3d 136.
 {¶ 11} The leading case interpreting the Odometer Act as it existed prior to 1987 was Flint, supra, wherein the plaintiff bought a van in which the seller executed an odometer mileage statement and affidavit stating that the vehicle had an actual mileage of 18,483, when, in fact, the vehicle had an actual mileage of 118,483. The seller argued the Odometer Act, when read in conjunction with R.C. 2901.21, required a showing of recklessness by the defendant. The Flint court disagreed, noting that R.C. 4549.42 through 4549.46 each specified a culpable mental element, though R.C. 4549.46 did not. Thus, the Flint court held R.C. 4549.46 imposed strict liability on those who transfer a vehicle and fail to disclose the true mileage. See, also, Baker v. HurstBuick (May 2, 1988), Warren App. No. CA86-08-054 (proof of a statutory violation is sufficient to impose liability); Baek v. Cincinnati (1988),43 Ohio App.3d 158 (holding that R.C. 4549.46 holds *Page 7 
a transferor strictly liable for a violation of its provision without regard to intent or knowledge).
 {¶ 12} In 1987, R.C. 4549.46 was amended, and now provides:
 (A) No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this division requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation.
 {¶ 13} R.C. 4549.46 again incorporates by reference the requirement of R.C. 4505.06, and there were no changes to the statute to indicate the legislature's intent to alter the strict liability nature of the Odometer Act. In fact, the strict liability aspect of this statute since 1987 has been recognized by a number of Ohio courts, including ours, inHubbard v. Bob McDorman Chevrolet (1995), 104 Ohio App.3d 621. InHubbard, the seller of a transferred vehicle represented the true and actual mileage of the vehicle as 62,779, when, in fact, the odometer read 63,097 miles. The buyer of the vehicle filed a complaint under the Odometer Act and was granted summary judgment in her favor. In discussing the federal counterpart to Ohio's Odometer Act, this court noted that unlike the Ohio statute, the federal statute does not impose strict liability. Because "a prior owner's violation" was not involved and the "discrepancy occurred while the vehicle was in the possession of the [seller]," this court held the first sentence of R.C. 4549.46, imposing strict liability applied. Falasco v. Bishop Motors, Inc. (Nov. 7, 1990), Summit App. No. 14637 (holding R.C. 4549.46 imposes strict liability); Hughes v. Miller (1991), 72 Ohio App.3d 633 (finding that unless disclosed strict liability under R.C. 4549.46 applies to a *Page 8 
transferor when a discrepancy in the odometer reading occurs during their ownership of the vehicles); Moon v. Miller (1991),77 Ohio App.3d 157 (noting that although R.C. 4549.46 establishes a strict liability crime, it also contains a defense in the second sentence); Ragland v.Dumm (Oct. 15, 1993), Ross App. No. 92CA1915 (noting the strict liability nature of R.C. 4549.46); Triplett v. Voros (1996),114 Ohio App.3d 268 (it is no defense to the strict liability nature of R.C. 4549.46 that the transferee had knowledge of an incorrect odometer reading); Harrell v. Talley, Athens App. No. 06CA41, 2007-Ohio-3784 (the first sentence of R.C. 4549.46 imposes strict liability); Noble v.Atomic Auto Sales, Inc., Cuyahoga App. No. 89431, 2008-Ohio-233
(R.C. 4549.46 imposes strict liability on transferors who violate its provisions).
 {¶ 14} Despite the plethora of cases interpreting R.C. 4549.46(A) as a strict liability statute, GMAC argues it is not so because the state's odometer disclosure affidavit form contains "an express knowledge element on its face." (Appellant's brief, at 11.) GMAC's argument stems from the Ohio Title with Odometer Disclosure Affidavit that states:
 I (we) certify to the best of my (our) knowledge that the odometer now reads ___, ___ miles and is the actual mileage of the vehicle unless one of the following statements is checked * * *
 {¶ 15} Because R.C. 4549.46(A) incorporates 4505.06(C)(1), which provides, in part, that the "registrar shall prescribe an affidavit in which the transferor shall swear to the true selling price and, except as provided in this division, the true odometer reading of the motor vehicle[,]" GMAC contends a knowledge component is incorporated into the statute. According to GMAC, the Ohio legislature "never intended" the outcome derived at by the trial court, and that if the legislature believed the odometer disclosure affidavit *Page 9 
was deficient, it could have enacted legislation to address it. (Appellant's brief, at 14-15.) However, it is equally arguable that if the legislature did not intend for R.C. 4549.46 to operate as a strict liability statute, it would have amended said provision, especially in light of judicial interpretation of the statute, both before and after its amendment in 1987, as a strict liability statute.
 {¶ 16} It is also noteworthy that the incorporation of R.C. 4505.06
has been in the statute throughout its course of litigation in Ohio courts. In fact, the language in the affidavit at issue here has also been in use both before and after the 1987 amendment of R.C. 4549.46.Ryan v. Matthews Ford Sandusky (Oct. 17, 1986), Erie App. No. E-86-14;Falasco, supra; TCT Ins. v. Moore (June 17, 1991), Clermont App. No. CA90-12-111; Ormston v. Leikin Oldsmobile, Inc. (Dec. 20, 1991), Lake App. No. 91-L-005; Stormont v. Tenn-River Trading Co. (Apr. 27, 1995), Franklin App. No. 94APG08-1272.
 {¶ 17} Given the precedent from this and various other Ohio courts, we are not persuaded by GMAC's arguments that R.C. 4549.46 is not a strict liability statute. In light of the precedential history surrounding R.C. 4549.46, if such statutory interpretation is misguided, we opine the resolution rests with a higher court of law or the legislature. Accordingly, we overrule GMAC's first assignment of error.
 {¶ 18} In its second assignment of error, GMAC argues imposing strict liability in this instance amounts to entrapment. GMAC contends by prescribing an odometer disclosure affidavit with a knowledge requirement, the Ohio Registrar put persons on notice that there is no liability under the odometer laws so long as the disclosures are to the best of their knowledge. In other words, according to GMAC, the state of Ohio is *Page 10 
inducing parties to unwittingly make a "false" disclosure, in order to later prosecute the party for a violation of the "hidden strict liability statute." (Appellant's brief, at 21.)
 {¶ 19} The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute. State v.Italiano (1985), 18 Ohio St.3d 38, 42. The statute, R.C. 4549.46(A), however, imposes liability on transferors of motor vehicles when they fail to provide true and complete disclosures regardless of their knowledge of any inaccuracy. The Ohio Registrar's affidavit does not change the language or requirement of R.C. 4505.06 that a transferor shall swear to the true odometer reading of the motor vehicle. While the state of Ohio required that GMAC use its forms to effect the transfers at issue, GMAC was not induced by the state of Ohio to set forth untrue odometer readings, and as explained above, it matters not of GMAC's knowledge of the same. Therefore, we find no merit to GMAC's argument with respect to entrapment. Accordingly, we overrule GMAC's second assignment of error.
 {¶ 20} In its third assignment of error, GMAC argues that to impose strict liability here, appellee is in effect removing the "to the best of my knowledge" language from the Ohio Registrar's affidavit, and is thereby altering evidence.
 {¶ 21} This argument, however, really is a reiteration of that argued in the first assignment of error. Given our disposition of GMAC's first assignment of error, that, despite the form used by the registrar, R.C. 4549.46 is a strict liability statute, we are not persuaded that such interpretation in effect "alters evidence" in this case, or that evidence *Page 11 
has to be altered to reach that conclusion. Accordingly, we overrule GMAC's third assignment of error.
 {¶ 22} In its fourth assignment of error, GMAC argues that since R.C. 4549.46(A) incorporates a knowledge element, it was error for the trial court to grant summary judgment in favor of appellee where there was no evidence presented establishing the "essential element of knowledge." (Appellant's brief, at 24.) Again, however, on the basis of our disposition of GMAC's first assignment of error, we find this contention lacks merit. Knowledge is not part of the determination under the first sentence of R.C. 4549.46(A), which imposes strict liability on a transferor of a motor vehicle for failing to provide true and complete odometer disclosures as required by R.C. 4505.06. Accordingly, we overrule GMAC's fourth assignment of error.
 {¶ 23} In its fifth assignment of error, GMAC argues the granting of partial summary judgment in favor of appellee was improper as GMAC cannot be liable for the acts of a previous owner. As discussed previously, R.C. 4549.46(A) states in relevant part:
 No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code. The transferor of a motor vehicle is not in violation of this division requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation.
 {¶ 24} According to GMAC, facts are present here to trigger the second sentence of R.C. 4549.46, and provide an exception to strict liability because Midway, a previous owner, was undisputedly responsible for the odometer alterations, and GMAC had no *Page 12 
knowledge of Midway's actions. In contrast, appellee contends the second sentence is inapplicable because the odometer discrepancies occurred during GMAC's ownership of the affected vehicles.
 {¶ 25} If we were to accept GMAC's position, however, an anomalous result would occur as exemplified in the following scenario. Assume A is a transferor, B is a prior owner, C is an outside party, and D is a transferee. Unbeknownst to A, C, an outside party such as one performing maintenance of As vehicle, alters the odometer of As vehicle during As ownership. A then transfers the vehicle with an odometer disclosure, such as the one at issue here, to D. A would be strictly liable for failing to provide a true odometer reading pursuant to R.C. 4549.46. However, if B, a prior owner, had performed the same act as C, i.e., altering the odometer during As ownership of the vehicle, A would not be subject to strict liability pursuant to R.C. 4549.46. These anomalous results would occur despite the fact that in either instance the alteration of the odometer occurred during As ownership and without As knowledge.
 {¶ 26} We agree with GMAC's proposition that when interpreting legislation, courts must give the words their plain and ordinary meaning. However, we cannot find that the legislature intended the divergent results that would occur if R.C. 4549.46 were applied as GMAC desires in this case. It is anomalous to think the legislature would intend a result such that a transferor is absolved of strict liability in one instance, i.e., where a prior owner altered an odometer, but not in another, i.e., where a third party altered an odometer, even though in either scenario the act took place during the transferor's ownership. We find the trial court's interpretation, that the second sentence of R.C. 4549.46 is triggered *Page 13 
when facts suggest an act occurred prior to the transferor's ownership of a vehicle is the one that satisfies logic and does not result in an unreasonable interpretation.
 {¶ 27} We also note, as did the trial court, the statements fromHughes, supra, are demonstrative. In Hughes, the court stated:
 Strict liability under R.C. 4549.46 applies to a transferor when a discrepancy in the odometer reading occurs during their ownership of the vehicle, unless the transferor properly discloses the discrepancy upon transfer. * * * The second sentence of R.C. 4549.46 places liability only on the transferor of a vehicle which has not had its odometer tampered with during his ownership, but the transferor nevertheless has actual knowledge of tampering with, or discrepancy in, the odometer reading.
Id. (Emphasis added.)
 {¶ 28} Admittedly, the court in Hughes did not have the same factual scenario presented herein. Nonetheless, we find the court's explicit reference to strict liability under R.C. 4549.46 attaching when a discrepancy in an odometer reading occurs during the ownership of the transferor, adds further support to our interpretation of R.C. 4549.46.
 {¶ 29} Accordingly, we overrule GMAC's fifth assignment of error.
 {¶ 30} In it's sixth assignment of error, GMAC argues principles of equity and fairness preclude the trial court's finding that GMAC is strictly liable for those odometer disclosures made on vehicles transferred from GMAC to Midway, the entity responsible for the odometer alterations.[3] We have already determined that GMAC's knowledge is irrelevant for purposes of strict liability here. Further, as held by the court in Triplett, supra:
 It is no defense that the transferee had knowledge that the odometer reading was incorrect. Baek v. Cincinnati (1988), *Page 14 43 Ohio App. 3d 158, 161, 539 N.E.2d 1149. Whether Triplett knew that the odometer was not accurate, or whether she even told Voros not to disclose the true mileage is not relevant to Voros's liability under R.C. 4549.46. The public at large has a substantial interest in preventing inaccurate odometers from entering the stream of commerce. Flint, supra.
Id. at 270. (Footnote omitted.)
 {¶ 31} Accordingly, we overrule GMAC's sixth assignment of error.
 {¶ 32} In its seventh assignment of error, GMAC argues the trial court erred in overruling its motion for reconsideration of the trial court's decision granting partial summary judgment in favor of appellee. For the reasons stated in our disposition of GMAC's previous assignments of error, we overrule GMAC's seventh assignment of error.
 {¶ 33} In its eighth assignment of error, GMAC argues the trial court erred in granting summary judgment in favor of appellee on GMAC's counterclaim for abuse of process of the authority granted by the Odometer Act and the Consumer Sales Practices Act. According to GMAC, there exists genuine issues of material fact on this issue that precluded the grant of summary judgment.
 {¶ 34} "In order to establish a claim of abuse of process, a plaintiff must satisfy three elements: `(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.'" Robb v. Chagrin LagoonsYacht Club (1996), 75 Ohio St.3d 264, 271, quoting Yaklevich v. Kemp,Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, 298. "The key consideration in an abuse of process action is whether *Page 15 
an improper purpose was sought to be achieved by the use of a lawfully brought previous action." Yaklevich, at 300.
 {¶ 35} We have already determined in our disposition of GMAC's previous assignments of error that strict liability under R.C. 4549.46
is applicable in this instance. Further, despite GMAC's arguments to the contrary, we find no evidence that appellee attempted to pervert the proceedings to accomplish an "ulterior purpose" for which it was not designed. It is also worth noting that appellee did not initiate this action against GMAC alone, but also initiated this action against Midway as well.
 {¶ 36} Accordingly, finding no evidence to support GMAC's abuse of process claims, we overrule GMAC's eighth assignment of error.
 {¶ 37} In its ninth assignment of error, GMAC contends the trial court erred in striking its demand for a jury trial. We find this issue rendered moot. We have decided that rendering summary judgment in favor of appellee on its claim pursuant to the Odometer Act was appropriate, thereby eliminating the necessity of a trial of any sort. Further, as previously indicated, appellee dismissed its remaining claims pursuant to Civ. R. 41(A). "An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case." VanMeter v. VanMeter, Franklin App. No. 03AP-1107, 2004-Ohio-3390, citing Saffold v.Saffold (May 13, 1999), Cuyahoga App. No. 72937. "`Actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties.'"VanMeter, at ¶ 5, quoting Saffold. Accordingly, we overrule GMAC's ninth assignment of error as moot. *Page 16 
 {¶ 38} In its final assignment of error, GMAC argues the trial court erred in imposing a statutory penalty of $1,000 per violation of R.C. 4549.46 because not a single violation was established. R.C. 4549.48(B) provides:
 In addition to the remedies otherwise provided by this section, the attorney general may request and the court shall impose a civil penalty of not less than one thousand nor more than two thousand dollars for each violation. A violation of any provision of sections 4549.41 to 4549.46 of the Revised Code shall, for purposes of this section, constitute a separate violation with respect to each motor vehicle or unlawful device involved, except that the maximum civil penalty shall not exceed one hundred thousand dollars for any related series of violations by a person. Civil penalties ordered pursuant to this division shall be paid as follows: one-fourth of the amount to the treasurer of the county in which the action is brought; three-fourths to the consumer protection enforcement fund created by section 1345.51 of the Revised Code.
 {¶ 39} In the case at bar, appellee requested civil penalties. It is undisputed that the vehicles at issue were transferred in Ohio by GMAC with odometer disclosure statements that failed to state the true and actual mileage of the vehicles. To this extent, GMAC has not disputed this, but, rather, has vehemently argued it was not aware of the odometer alterations. Though GMAC states appreciation for the trial court's suspension of the statutory penalties imposed, GMAC argues the penalties should not have been imposed at all. However, as we have already concluded, strict liability under R.C. 4549.46 applies, and as set forth in R.C. 4549.48, the court, if requested, shall impose a civil penalty of not less than $1,000 per violation.
 {¶ 40} Based on R.C. 4549.48 and State ex rel. Celebrezze v.Christopher (Aug. 28, 1992), Mahoning App. No. 91 C.A. 69, the trial court imposed a civil penalty of $1,000 per violation then suspended the same. In Christopher, the issue presented was *Page 17 
whether the trial court when imposing a civil penalty pursuant to R.C. 4549.48 has the power and discretion to suspend the fine in the form of a civil penalty that he previously imposed. The Christopher court, relying on language contained in Celebrezze v. Hughes (1985),18 Ohio St.3d 71, concluded that "the authority and the control as to whether or not the penalty should be suspended lies within the power of the trial court." In Hughes, the Supreme Court of Ohio instructed that consumer protection acts, such as the Odometer Act must be interpreted in a manner calculated to provide courts with flexibility in fashioning remedies.
 {¶ 41} Based on the preceding discussion, we find no error in the trial court's imposition of a statutory fine and subsequent suspension of the same. Accordingly, we overrule GMAC's tenth assignment of error.
 {¶ 42} For the foregoing reasons, GMAC's ten assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN, J., concurs.
FRENCH, J., concurs separately.
[1] The typical mileage limit contained in the lease agreements was 30,000 miles.
[2] According to GMAC, $1.2 million was paid to current owners of the altered-odometer vehicles.
[3] Some of the affected vehicles were actually sold to Midway at the conclusion of the lease operations.